OPINION
{¶ 1} Pursuant to R.C. 2506.04, appellant, Barristers, Inc., appeals a judgment of the Franklin County Court of Common Pleas affirming the decision of appellee, Westerville City Council, to deny approval of appellant's proposed site plan regarding a parcel of real property known as 344 South State Street ("the parcel" or "the lot").
 {¶ 2} Appellant owns the parcel, which is presently undeveloped and vacant. On September 30, 2002, appellant filed a site plan application with the Westerville Planning Commission ("commission"). The site plan ("site plan" or "plan") proposed the installation of a 1950s-style prefabricated structure to be used as a restaurant/diner. The record reveals that the plan involved the relocation to the parcel of an existing 1950s-style diner then located on South Front Street in Columbus.
 {¶ 3} Another feature of the site plan involved the orientation of the structure on the far rear portion of the lot, as opposed to the front of the lot, near the street. The site plan required a variance because it called for locating the structure within ten feet of the rear property line, when a 15-foot minimum rear-yard structure setback is required. See Codified Ordinances of the City of Westerville 1143.04(b)(1)(E).
 {¶ 4} On September 25, 2002, appellant appeared before the commission for an informal discussion of the plan. At that meeting, members of the commission expressed concerns about the proposal to place the structure at the rear of the lot, and indicated they would prefer to see the structure sited near the street. On October 23, 2002, with appellant's proposal unchanged, the commission formally heard the matter of appellant's site plan application. On that same date, the commission denied appellant's application. Appellant appealed the commission's decision to appellee. At its March 27, 2003 meeting, appellee conducted a hearing on appellant's appeal. Following the hearing, appellee issued a decision affirming the commission's decision.
 {¶ 5} Appellant appealed that decision to the court of common pleas, which affirmed. This appeal followed. One day prior to the oral argument held in this appeal, appellee filed a motion to dismiss the appeal, arguing that the same is now moot. The basis for the motion is that, on January 28, 2004, the Columbus Dispatch published a photograph depicting heavy cranes dismantling and relocating a 1950s-style diner structure. The caption of the photograph indicates that the diner, formerly located at 575 South Front Street, was being moved to the Delaware County Fairgrounds. Appellee argues that, because appellant's site plan application was specific to the diner structure formerly located on South Front Street, and because that structure is no longer available for use on the lot in Westerville, this appeal is moot.
 {¶ 6} In response, appellant points out that Chapter 1108 of the Westerville Zoning Code requires that site plan applications indicate proposed exterior building design and surface treatments, including building material and color, but does not require that the applicant submit an exact replica of the proposed construction. Thus, appellant argues, because appellant still has the ability and desire to construct a building on the lot that conforms to the exterior design specifications delineated in its original plan, this appeal is not moot. Further, appellant asserts that the building formerly located on South Front Street is a prefabricated building similar to a mobile or manufactured home, and a new such structure could easily be purchased and delivered to the parcel in question.
 {¶ 7} Upon consideration of the arguments of the parties, we find no cause to render appellant's appeal moot. Accordingly, appellee's motion to dismiss the appeal is denied.
 {¶ 8} We turn now to the merits of the appeal. Appellant advances one assignment of error, as follows:
The Trial Court erred in affirming the decision of the Westerville City Council to deny Appellant's site plan because the decision of City Council was arbitrary, capricious and unreasonable in that its decision was based solely upon aesthetics and the unapproved South State Street Corridor Study.
 {¶ 9} We begin by recalling the standards of review applicable to the court of common pleas and to this court. In an appeal, pursuant to R.C. Chapter 2506, the court of common pleas may find that the order or decision appealed from is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. Consistent with its findings, the court of common pleas may "affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court." Ibid.
 {¶ 10} In making its findings, the court of common pleas, "must give due deference to the agency's resolution of evidentiary conflicts. * * * If, at the agency level, a preponderance of reliable, probative and substantial evidence exists, the common pleas court must affirm the agency's decision." Budd Co. v. Mercer (1984), 14 Ohio App.3d 269,471 N.E.2d 151, at paragraph two of the syllabus. The court of common pleas engages in its own weighing of the evidence to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the agency decision. Dudukovich
v. Housing Authority (1979), 58 Ohio St.2d 202, 207,389 N.E.2d 1113. In doing so, however, the court may not, especially in areas of administrative expertise, "blatantly substitute its judgment for that of the agency." Ibid. See, also, Univ. ofCincinnati v. Conrad (1980), 63 Ohio St.2d 108, 407 N.E.2d 1265.
 {¶ 11} While the court of common pleas considers the whole record, pursuant to R.C. 2506.04, the standard of review to be applied by the court of appeals is more limited in scope. Henleyv. Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142,147, 735 N.E.2d 433; Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34, 465 N.E.2d 848. The statute, "grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Kisil, supra, at fn. 4.
 {¶ 12} "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals [* * *] might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Henley, supra, at 147, quotingLorain City School Dist. Bd. of Edn. v. State Emp. RelationsBd. (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264.
 {¶ 13} The appellate court is to determine only if the trial court has abused its discretion. Lorain City School Dist. Bd. ofEdn., supra, at 261. An abuse of discretion "`* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" Ibid., quotingState ex rel. Commercial Lovelace Motor Freight, Inc. v.Lancaster (1986), 22 Ohio St.3d 191, 193, 489 N.E.2d 288. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. SeeRohde v. Farmer (1970), 23 Ohio St.2d 82, 262 N.E.2d 685.
 {¶ 14} In the court of common pleas, appellant argued that appellee's decision was arbitrary because it rejected appellant's site plan even though the plan provided for land use consistent with the parcel's zoning, and conformed in all respects with the design standards set forth in Section 1108.06 of the Westerville Zoning Code. Appellant argued that there was no evidence before appellee that the site plan would adversely affect the health, safety and welfare of the community. Appellant argued that appellee's decision was arbitrary because it was based solely upon a desire to encourage future pedestrian traffic along South State Street.
 {¶ 15} Appellant also noted that, in the proceedings before the commission, the commission staff mentioned the South State Street Corridor Study ("the study") as one of the bases of its recommendations that appellant's site plan not be approved as submitted. Appellant argued that it was impermissible for the commission to consider the recommendations of the study because the study was approved by the commission at the same meeting at which it rejected appellant's site plan, and appellee had not, as of that time, officially adopted the study.
 {¶ 16} Appellant further argued that appellee's decision to reject the site plan because it situated the structure on the rear of the lot was born solely out of aesthetic considerations, and was thus arbitrary and illegal. Appellant argued that no consideration other than aesthetics can be found in the record as the basis for appellee's exercise of its discretion.
 {¶ 17} The trial court looked initially to the design standards established by appellee and applicable at the time of the commission's consideration of appellant's site plan application. Section 1108.06 of Westerville's Zoning Code provides, in pertinent part:
The following design standards are provided as: (1) guidelines for consideration by applicants in preparing site plans; and (2) as decision considerations by the Planning Commission in reviewing site plans.
(a) Purpose. The purpose of good site design is to create a functional and attractive development, to minimize adverse environmental and physical impacts, and to ensure a project will be an asset to the City of Westerville. To promote this purpose, the site plan shall conform to the design standards and related goals and objectives of the City of Westerville, which together are designed to result in a well-planned community without adding unnecessarily to development costs.
b) Site Analysis. An analysis may be required of the environmental and built characteristics of the development site, including, but not limited to, site context, geology and soils, topography, drainage, climate, ecology, vegetation; existing structures, road networks, and access; visual features and urban design; and past and present use of the site.
(c) Site Design.
(1) Design of the development shall take into consideration all existing local plans for the City of Westerville.
(2) Development of the site shall be based upon the site analysis. To the maximum extent possible, development shall be located to preserve the natural features of the site, to avoid areas of environmental sensitivity, and to minimize negative impacts and alteration of natural features.
* * *
(5) The design treatment of the site and all proposed structures shall ensure compatibility and sensitivity to adjacent properties and structures.
Codified Ordinances of the City of Westerville 1108.06 (Ord. 95-36. Eff. 6-20-95.)
 {¶ 18} The court of common pleas rejected appellant's argument that aesthetics was the sole motivation behind appellee's decision to affirm the commission's decision. The court observed, however, that aesthetics is a legitimate factor to be considered in any consideration of a site plan application. After noting that it had reviewed the entire record, the court found "beyond doubt" that the primary division between appellant's and the commission's respective points of view was the siting of the structure on the rear of the lot as opposed to the front of the lot. The court found that aesthetic appeal was not the only consideration upon which the commission's viewpoint was based.
 {¶ 19} The court of common pleas also found that just because the commission may have considered the study does not render appellee's decision to affirm the commission illegal, unreasonable, capricious or otherwise unlawful. The trial court noted that the question before it was the propriety ofappellee's decision, not whether the commission should or should not have been mindful of the recommendations contained in the as-yet-unadopted study.
 {¶ 20} Next, the trial court addressed appellant's argument that appellee acted arbitrarily in rejecting appellant's site plan, even though the plan "ensure[d] compatibility and sensitivity to adjacent property and structures." Codified Ordinances of the City of Westerville 1108.06(c)(5). The court noted that the record revealed little or no present consistency with respect to the location of buildings on nearby parcels fronting State Street. However, the court stated that, upon its examination of the entire record, it did not find appellee arbitrarily determined that appellant's site plan failed to ensure the requisite compatibility and sensitivity to surrounding structures.
 {¶ 21} Specifically, the court explained:
[I]t is beyond any legitimate dispute that the restaurant proposed by appellant was wholly at variance and out of harmony with the buildings in the immediate area. The edifice in question is a one floor bright shiny metal modular building banded with horizontal white and red stripes in art deco style. Although appellee apparently elected to look the other way in failing to acknowledge that the restaurant would be visually out of context and entirely dissimilar to existing structures as well as being materially deficient in compatibility and sensitivity to adjacent properties and structures, this court, when called upon to consider the entirely (sic) of the record, is prohibited from ignoring the obvious. Even the proposed two and one-half foot brick hedge would do very little to hide or" tie in" this unusual edifice.
In short, although the restaurant could be of potential economic benefit to the City of Westerville, this court must look to appellee's controlling legislation, the entirety of the record before it and the decision appealed from, giving due legal respect to appellee's decision. When considering these factors, it is found appellee did not act arbitrarily in deciding that appellant's site plan should not be approved.
(Oct. 1, 2003 Decision and Entry, at 9.) (Footnote omitted.)
 {¶ 22} Upon our review of the transcript, as well as the documentary evidence appellee had before it, we cannot say that the trial court abused its discretion in finding appellee's decision was supported by the preponderance of substantial, reliable, and probative evidence on the whole record.
 {¶ 23} Bassem Bitar, planning and zoning officer for the City of Westerville, testified that one of the concerns expressed by his staff to the commission was that most of the buildings on State Street are traditional, brick structures, while the proposed structure in appellant's site plan was a metal building with 1950s-type architecture. To alleviate this stark difference in design, the planning staff suggested that the structure be oriented close to the street, and that a decorative brick wall be built in front of the building. (Tr. at 11-12.)
 {¶ 24} Mr. Bitar called appellee's members' attention to a section of State Street between Cherrington Road and the area he referred to as the "uptown district." (The lot in question is included within this section of State Street.) He noted that virtually all of the buildings in the area are close to the street. He noted two exceptions, both of which are near appellant's lot. (Id. at 13.) Mr. Bitar emphasized that the planning code requires the commission to consider a new structure's consistency with the surrounding area, as well as sensitivity to the visual effects the new structure would create. The design, Mr. Bitar noted, must be sensitive to the urban design elements of the site, and must be compatible with the overall context of the site. (Id. at 12-13.) The recommendations made to the commission, according to Mr. Bitar, were derived from these guidelines, which are contained in the planning code, with emphasis on "the need to respect the existing context." (Id. at 13-14.) Finally, Mr. Bitar explained that one of the primary intentions of the commission was to "try to respect the existing character" of the street. (Id. at 18.)
 {¶ 25} Craig Treneff, Chairman of the commission, also testified before appellee. Mr. Treneff agreed that the sole issue of contention was the siting of the diner structure on the lot. He testified that the commission's objection to rear siting was consistent with its actions respecting other site plan applications that had come before it in recent times. Mr. Treneff then cited several specific examples. (Id. at 22-23.) Mr. Treneff testified that the issue of the site plan's compatibility with the surrounding structures was "first and foremost in our mind." (Id. at 21.)
 {¶ 26} He stated that the commission did not base its decision on the South State Street Corridor Study; rather, he related, the commission's decision to adopt the study was simply a "codification" of "planning concepts that we would have applied whether we had the South State Street Corridor study in place at that time or not." (Ibid.) He stated that a primary concern of the commission had lately been "making and preserving the pedestrian-friendly character of that neighborhood, making it a pedestrian-oriented district as a transition from the busier retail districts of State and Schrock [Road] into the uptown." (Id. at 21-22.)
 {¶ 27} Following Mr. Treneff's testimony, appellant argued to appellee that the site plan should have been approved because it was compatible with the immediately adjoining parcel, also owned by appellant. Appellant also argued that the area of State Street immediately surrounding and including appellant's parcel is not pedestrian-friendly; further, it argued that, if the commission forces any business on the lot to be "pedestrian-friendly" by being situated near the street, it would "go out of business" before that section of State Street ever becomes pedestrian-friendly. (Id. at 27-28.)
 {¶ 28} "[T]he right of the individual to use and enjoy his private property is not unbridled but is subject to the legitimate exercise of the local police power." Hudson v.Albrecht, Inc. (1984), 9 Ohio St.3d 69, 72, 458 N.E.2d 852. See, also, Section 3, Article XVIII, Ohio Constitution. "Since the object of the police power is the public health, safety and general welfare, its exercise in order to be valid must bear a substantial relationship to that object and must not be unreasonable or arbitrary." Ibid., citing Cincinnati v.Correll (1943), 141 Ohio St. 535, 49 N.E.2d 412, paragraph one of the syllabus.
 {¶ 29} However, given that the police power must be flexible enough to respond to changing conditions and needs, the more recent trend in zoning, planning and nuisance cases has been a recognition of a "governmental interest in maintaining the aesthetics of the community and [courts] have recognized its role in the exercise of the police power." Ibid. Thus, aesthetic considerations have been granted a more significant role than in times past. Id. at 73. In approving the sound underpinnings of this trend, the Supreme Court of Ohio has stated, "the appearance of a community relates closely to its citizens' happiness, comfort and general well-being." Ibid.
 {¶ 30} The Supreme Court of Ohio has continued to recognize that a municipality may properly exercise its zoning authority to preserve the character of designated areas in order to promote the overall quality of life within the city's boundaries. SeeFranchise Developers, Inc. v. Cincinnati (1987),30 Ohio St.3d 28, 33, 505 N.E.2d 966; Gerijo, Inc. v. Fairfield (1994),70 Ohio St.3d 223, 638 N.E.2d 533.
 {¶ 31} In keeping with the foregoing precedent, we find no abuse of discretion in the trial court's finding that appellee's consideration of aesthetics was not arbitrary or unlawful. Like the trial court, we reject appellant's argument that simply because no applicable zoning code expressly requires that all buildings abut the street, appellee's action is arbitrary, even if the commission's denial, which appellee affirmed, was based primarily on the physical orientation of the diner near the street. There is ample support for the trial court's decision in the record of the proceedings before appellee, and appellee's decision was substantially related to the object of local land use planning, and to the expressions of policy contained within Chapter 1108 of the Codified Ordinances of the City of Westerville.
 {¶ 32} Accordingly, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Bryant and Brown, JJ., concur.