OPINION
{¶ 1} Appellants, Laura and Thomas Williams ("appellants"), appeal from the judgment of the Franklin County Court of Common Pleas, which affirmed an order of appellee, the Ohio Liquor Control Commission ("commission"), affirming non-renewal of appellants' liquor permit. For the following reasons, we affirm. *Page 2 
 {¶ 2} On May 15, 2007, the Ohio Department of Commerce, Division of Liquor Control ("division"), issued a Tax Non-Renewal Order to appellants. The order stated that appellants' 2007-2008 liquor permit renewal application would not be issued on the following grounds:
 THE DIVISION OF LIQUOR CONTROL HAS RECEIVED NOTICE FROM THE OHIO TAX COMMISSIONER THAT YOU ARE DELINQUENT IN FILING A SALES OR WITHHOLDING TAX RETURN OR ARE LIABLE FOR OUTSTANDING SALES OR WITTHOLDING TAX, PENALITIES, OR INTEREST; OR THAT YOU HAVE BEEN ASSESSED FOR UNPAID TAXES BY THE TAX DEPARTMENT. OHIO LAW PROVIDES THAT YOUR PERMIT SHALL NOT BE RENEWED BY THE DIVISION OF LIQUOR CONTROL UNTIL THIS DIVISION IS NOTIFIED BY THE TAX COMMISSIONER THAT THE TAX DELINQUENCY LIABILITY OR ASSESSMENT HAS BEEN RESOLVED. R.C. 4303.271(D)(2)(A).
 {¶ 3} The order advised appellants to contact the Department of Taxation immediately to resolve the tax issues. The order also advised appellants of their right to appeal to the commission. Appellants appealed.
 {¶ 4} The commission held a hearing on August 1, 2007. Counsel for appellants appeared; appellants did not appear. At the hearing, a Liquor Commission Hearing Report prepared by the Collections Enforcement section of the Ohio Attorney General's office was admitted into evidence. The report identified tax assessments against appellants totaling $56,354.64 for periods beginning in July 2005 and through July 2006, but not including May and June 2006. The report also indicated that arrangements had been made to pay all tax liabilities. A representative of the Attorney General's office recommended conditional renewal of the liquor permit. *Page 3 
 {¶ 5} The state also admitted evidence from the Ohio Department of Taxation indicating two assessments totaling $7,000.15 for May and June 2006. The Department of Taxation recommended non-renewal of the permit.
 {¶ 6} Appellants' counsel did not object to the submission of the foregoing information as evidence. He indicated that his "client" was "trying to make arrangements." (Tr. 6.) He said that he would inform his "client" of the Tax Department's evidence of additional assessments.
 {¶ 7} On August 17, 2007, the commission mailed an order affirming the division's order of non-renewal. Appellants appealed to the trial court, and the trial court affirmed the non-renewal.
 {¶ 8} Appellants filed a timely appeal and raise the following assignments of error:
 I. THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT FOUND THAT THE ORDER OF THE [COMMISSION] WAS NOT SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH LAW BECAUSE THE [DIVISION] FAILED TO FOLLOW THE REQUIREMENTS OF [R.C.] 4301.271 IN REJECTING THE RENEWAL OF APPELLANT[S'] PERMIT.
 II. THE FRANKLIN COUNTY COMMON PLEAS COURT ERRED WHEN IT DENIED THE REQUEST FOR ADMISSION OF ADDITIONAL EVIDENCE PURSUANT TO [R.C.] 119.12 AS THIS EVIDENCE PROVES THAT APPELLANT[S] HA[VE] PAID ALL TAX LIABILITIES AND DELINQUENCIES AND PROVIDES EVIDENCE THAT THE PERMIT IS NOW ELIGIBLE FOR RENEWAL. *Page 4 
 {¶ 9} We begin with appellants' first assignment of error, in which they assert that the trial court erred in determining that the commission's order was supported by reliable, probative, and substantial evidence. We disagree.
 {¶ 10} In an administrative appeal, pursuant to R.C. 119.12, the trial court reviews an order to determine whether it is supported by reliable, probative, and substantial evidence and is in accordance with the law. In applying this standard, the court must "give due deference to the administrative resolution of evidentiary conflicts." Univ. of Cincinnativ. Conrad (1980), 63 Ohio St.2d 108, 111.
 {¶ 11} The Ohio Supreme Court has defined reliable, probative, and substantial evidence as follows:
 * * * (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Our Place, Inc. v. Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571. (Footnotes omitted.)
 {¶ 12} On appeal to this court, the standard of review is more limited. Unlike the court of common pleas, a court of appeals does not determine the weight of the evidence. Rossford Exempted Village SchoolDist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. In reviewing the court of common pleas' determination that the board's order was supported by reliable, probative, and substantial evidence, this court's role is limited to determining whether the court of common pleas abused its discretion. Roy v. Ohio State Med. Bd. (1992),80 Ohio App.3d 675, 680. The term *Page 5 
"abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. However, on the question whether the board's order was in accordance with the law, this court's review is plenary. Univ. Hosp., Univ. ofCincinnati College of Medicine v. State Emp. Relations Bd. (1992),63 Ohio St.3d 339, 343.
 {¶ 13} R.C. 4303.271(D)(1) requires the tax commissioner to examine annually the tax records of each liquor permit holder to determine if the permit holder is delinquent in filing sales or withholding tax returns or has any outstanding tax liabilities, penalties or interest. If the tax commissioner finds any delinquency or liability, the commissioner must send a notice to the permit holder. That notice "shall specify, in as much detail as is possible, the periods for which returns have not been filed and the nature and amount of unpaid assessments and other liabilities and shall be sent on or before the first day of the third month preceding the month in which the permit expires." Id. The commissioner must also notify the division of the delinquency or liability.
 {¶ 14} R.C. 4303.271(D)(2)(a) prohibits the division from renewing a permit of any permit holder the tax commissioner has identified as being delinquent or having outstanding tax liability "as of the first day of the sixth month preceding the month in which the permit expires" or of any permit holder the commissioner has identified as having been assessed by the department "on or before the first day of the third month preceding the month in which the permit expires," until the tax commissioner notifies the division that the delinquency, liability or assessment has been resolved. *Page 6 
 {¶ 15} Appellants first assert that, pursuant to these statutory provisions, only those delinquencies and liabilities as of the first day of the sixth month preceding the permit's expiration date could be used as evidence against appellants at the commission's hearing. Appellants have waived this argument. They did not raise the issue during the administrative process. Therefore, they have waived it for purposes of appeal. Moody v. Westerville City School Dist. Bd. of Edn., Franklin App. No. 07AP-551, 2008-Ohio-591, ¶ 18; Golden Christian Academy v.Zelman (2001), 144 Ohio App.3d 513, 516-517.
 {¶ 16} But even if we were to address the issue, we could only conclude that it has no merit. R.C. 4303.271(D)(2)(a) prohibits the division from renewing a permit of any permit holder the tax commissioner has identified as being delinquent as of six months prior to the permit's expiration or any permit holder the tax commissioner has identified as having been assessed by the department as of three months prior to the permit's expiration. Appellants' permit expired on May 31, 2007. The commission had before it evidence of a delinquency as of November 1, 2006, and evidence of multiple assessments as of February 1, 2007. Thus, the evidence was sufficient to prohibit the division from renewing the permit on June 1, 2007. That evidence of additional delinquencies and assessments existed is inconsequential, and appellants offer no support for their argument that this additional evidence could not be submitted to the division for consideration.
 {¶ 17} Second, appellants assert that the notice of delinquency was inadequate. Again, having failed to raise it below, appellants have waived this argument for purposes of appeal. *Page 7 
 {¶ 18} But even if we were to consider it, we would find that it has no merit because appellants have misstated the statutory requirements. R.C. 4303.271(D)(1) requires the tax commissioner, not the division, to issue the initial notice of delinquency to a permit holder. We have no way of knowing whether that initial notice met the statutory requirements because appellants never made it part of the record. Nor is there any evidence that appellants appealed the tax commissioner's notice pursuant to R.C. 4303.271(D)(3).
 {¶ 19} For these reasons, we reject appellants' grounds for asserting that the trial court erred in determining that reliable, probative, and substantial evidence supported the non-renewal order. The evidence before the commission showed that appellants had made some efforts to satisfy assessments of more than $56,000, but had not yet resolved the assessments. The evidence also showed that assessments totaling $7,000 for May and June 2006 had not yet been considered. Therefore, we overrule appellants' first assignment of error.
 {¶ 20} In their second assignment of error, appellants assert that the trial court erred in denying their request to submit additional evidence. According to appellants, that evidence would have shown that, as of November 11, 2007, they had satisfied all outstanding tax issues.
 {¶ 21} Generally, in an administrative appeal, the court is confined to the record as certified to the court by the agency. R.C. 119.12. However, R.C. 119.12 also provides that the court may grant a request for the admission of additional evidence when the court is "satisfied that such additional evidence is newly discovered and could *Page 8 
not with reasonable diligence have been ascertained prior to the hearing before the agency."
 {¶ 22} The commission asserts, and the trial court held, that appellants' evidence is not "newly discovered." This court has held previously that evidence of facts occurring subsequent to the administrative process is not admissible in the trial court as newly discovered evidence. Golden Christian Academy at 517. Rather, "[n]ewly discovered evidence is evidence that was in existence at the time of the administrative hearing." Id., citing Cincinnati City School Dist. v.State Bd. of Edn. (1996), 113 Ohio App.3d 305, 317.
 {¶ 23} Here, appellants sought to admit evidence of facts occurring subsequent to the administrative process. Therefore, it was not admissible as newly discovered evidence.
 {¶ 24} Finally, appellants argue that "[e]quity requires that the State allow the renewal of this license." Ohio law, however, does not allow the renewal. Given the undisputed evidence that appellants had outstanding tax liabilities, the division was prohibited from renewing the permit. R.C. 4303.271(D)(2)(b)(i) provides for reinstatement following a non-renewal, but only if the permit holder and the tax commissioner or the Attorney General's office demonstrate to the commission that the tax commissioner's initial notice was wrong or that the issue of delinquency or assessment has been resolved. Appellants made no such showing here. Instead, as of the date of the commission's hearing, which did not occur until nearly three months following the division's notice and two months after the permit expired, appellants could *Page 9 
not present evidence that their tax debt had been satisfied. On these grounds, we overrule appellants' second assignment of error.
 {¶ 25} In conclusion, we overrule appellants' first and second assignments of error. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and GREY, JJ., concur.
GREY, retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1