FRANKLIN TOWNSHIP ET AL., APPELLANTS, *v.* VILLAGE OF MARBLE CLIFF ET AL., APPELLEES.

(No. 82AP-270—Decided August 10, 1982.)

Messrs. *Brandt & Hull* and *Mr. Joseph W. Hull,* for appellants.

Mr. *Dirken T. Voelker* and *Mr. Harrison W. Smith,* for appellees.

NORRIS, J. This is an appeal by Franklin Township from a judgment of the Court of Common Pleas of Franklin

County affirming a decision of the Franklin County Board of County Commissioners which granted the petition of the village of Marble Cliff to detach itself from Franklin Township and create a new township with boundaries identical to the boundaries of the village.

On May 18, 1979, the village of Marble Cliff petitioned the board of county commissioners for an order "erecting a new township out of that portion of Franklin Township which is included within the limits of said Village of Marble Cliff."

The matter first came on for hearing before the commissioners on November 19, 1980, at which time the matter was continued until January 21, 1981; at the conclusion of that hearing the matter was again continued until February 4, 1981, at which time the commissioners granted the petition.

On January 21, 1981, the commissioners were presented with the unsworn "testimony" and arguments of counsel for the village and for the township, and various exhibits. The exhibits and "testimony" indicated that the area of the village constituted a part, but not all, of the township; that the boundaries of the village were no longer contiguous with the boundaries of the remainder of the township; that the village contracted with the city of Grandview Heights for police protection, for fire prevention, and emergency medical services; that the township provided fire protection services to the village through a contract with the city of Grandview Heights; and that of all the monies collected over the previous nine years by the township from taxpayers of the village from a fire levy, less than one-half had been expended for the fire protection contract and the balance had been retained by the township, which provided no other direct services to the village.

Upon appellants' appeal to the court of common pleas, the county commissioners provided a transcript of the hearings of January 21, 1981 and February 4, 1981, but were unable to provide a transcript of the November 19, 1980 hearing due to deficiencies in the tape recording of the proceedings.

After counsel for both parties had filed their briefs, appellants filed an affidavit of one of the township trustees which recited that:

"* * * pursuant to Section 2506.03 of the Ohio Revised Code * * * said Trustee is filing the within Affidavit to state that the transcript in the above matter fails to contain a report of all evidence admitted or proffered, as the transcript of the hearing of November 19, 1980 before the Franklin County Board of County Commissioners can not be obtained as the tape recording is completely inaudible and cannot be transcribed."

The court of common pleas affirmed the decision of the board of county commissioners, its judgment entry reciting that:

"Upon consideration of the briefs of the parties and the transcript, the Court finds that the petition was properly filed pursuant to the provisions of O.R.C. 503.07 and that the decision of the Commissioners was supported by the preponderance of substantial, reliable and probative evidence on the whole record and is in accordance with law. * * *"

Appellants then filed a "Motion for Reconsideration/Motion for New Trial," which was overruled by the court of common pleas.

Appellants raise five assignments of error:

"I.  The Common Pleas Court was without jurisdiction to render a decision in the absence of a complete transcript as required by Chapter 2506, of the Ohio Revised Code.

"II.  The Common Pleas Court erred in rendering a decision without giving appellants the opportunity to submit additional evidence pursuant to Section 2506.03 of the Ohio Revised Code.

"III.  In violating their own rules of

practice, the Common Pleas Court committed prejudicial error in rendering a decision before the case was deemed ready for trial.

"IV. The Franklin County Court of Common Pleas erred in affirming the action of the Franklin County Board of County Commissioners in granting appellee's petition to erect a new township out of that portion of Franklin Township within the limits of the Village of Marblecliff [*sic*], as the Franklin County Board of County Commissioners lacked legal authority to do so.

"V. The Franklin County Court of Common Pleas erred in affirming the action of the Franklin County Board of County Commissioners, as such was unsupported by the preponderance of substantial, reliable and probative evidence on the whole record and was unreasonable."

The arguments raised by appellants' assignments of error may be summarized as follows:

(1) The court of common pleas was without authority to proceed to render a decision on the appeal in the absence of a complete transcript of all the testimony and evidence before the county commissioners. The transcript was incomplete because there was no transcript of the proceedings held on November 19, 1980, and the transcripts of proceedings held on January 21, 1981 and February 4, 1981, are replete with gaps.

(2) Once the appellants filed an affidavit calling to the attention of the court the fact that the transcript did not include the proceedings of November 19, 1980, the court was required to afford appellants the opportunity to submit additional evidence.

(3) The court's own rules prevented it from deciding the appeal until appellants were given the opportunity to present additional evidence to cure the deficiencies in the transcript.

(4) The court of common pleas was required to vacate the order of the board of county commissioners since it lacked legal authority under R.C. 503.07 to create a new township consisting solely of the village of Marble Cliff, in view of the provisions of R.C. 703.22.

(5) The action of the county commissioners was not supported by the preponderance of substantial, reliable and probative evidence.

If we are to assume that the action of the county commissioners amounted to an adjudication from which an appeal lies under R.C. 2506.01, as opposed to an administrative order which does not constitute a determination of the rights of specified persons (an issue which was not raised either in the court of common pleas or in this appeal), then resolution of the first three assignments of error turns on a determination of whether or not the trial court was required to permit appellants to present additional evidence.

Appellees' petition was filed pursuant to R.C. 503.07, which reads:

"When the limits of a municipal corporation do not comprise the whole of the township in which it is situated, * * * the legislative authority of such municipal corporation * * * may petition the board of county commissioners for a change of township lines in order to make them identical * * * with the limits of the municipal corporation, or to erect a new township out of the portion of such township included within the limits of such municipal corporation. The board * * * may upon the petition of a village change the boundaries of the township or erect such new township."

R.C. 2506.03, which governs appeals to the court of common pleas from actions of the board of county commissioners, reads, in pertinent part, as follows:

"The hearing of such appeal shall proceed as in the trial of a civil action but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears on the face of said transcript or by affidavit filed by the appellant that:

"(A) The transcript does not contain a report of all evidence admitted or proffered by the appellant. * * *"

R.C. 2506.02 reads as follows:

"Within thirty days after filing the notice of appeal, the * * * body from which the appeal is taken shall * * * prepare and file in the court to which the appeal is taken, a complete transcript of all the original papers, testimony and evidence offered, heard and taken into consideration in issuing the order appealed from. * * *"

It was not until after the transcripts of the January 21, 1981 and February 4, 1981 hearings had been filed, the court of common pleas had been informed by the county commissioners that a transcript of the November 19, 1980 hearing could not be prepared, and the parties had submitted their briefs to the court, that appellants filed their affidavit which purported to conform to the provisions of R.C. 2506.03(A). No supplemental brief or argument was filed by appellants concerning the inadequacy of the transcripts until after the court of common pleas had issued its ruling. The issue was first raised by appellants in their motion for reconsideration/new trial. At no time did appellants point out to the court (nor have they on appeal) what evidence was admitted or proffered at the November 19, 1980 hearing which was denied the court of common pleas by failure to file a transcript of that proceeding, or what additional evidence would be proffered to cure the defects if an opportunity was afforded them. See *Schoell* v. *Sheboy* (1973), 34 Ohio App. 2d 168, at 172 [63 O.O.2d 285].

We have carefully examined the transcripts provided by the county commissioners and, while they do indeed contain gaps, they are not so extensive that the gist of the arguments of counsel cannot be followed. Although no objection was made to the failure of counsel to be sworn as witnesses (see R.C. 2506.03[C]; *Zurow* v. *Cleveland* [1978], 61 Ohio App. 2d 14 [15 O.O.3d 21]), the court of common pleas would have been warranted in regarding the remarks recorded by the transcript as being more in the nature of arguments of counsel than testimony, and to have attached little weight to those remarks. The only real evidence received by the commissioners consisted of exhibits which were accepted into evidence, and these exhibits by themselves provided sufficient evidence upon which the trial court could rely for its decision. In addition, at the January 21, 1981 hearing, counsel for the village of Marble Cliff, at the request of the county commissioners, summarized what had transpired at the November 19, 1980 hearing, and he indicated that that hearing was concerned only with various arguments of counsel. No objection to this version of the November 19 hearing was entered by counsel for appellants.

Even if the court of common pleas committed technical error of the nature cited by appellants, they have not demonstrated that the error prejudiced their cause. Appellants have not demonstrated that there is any reasonable likelihood that the outcome would be different had they been permitted to introduce additional evidence. As mentioned above, appellants did not below, nor have they on appeal, revealed the nature of the additional evidence they sought to introduce to remedy any deficiencies in the transcripts. Nor have they pointed out how additional evidence could be expected to have convinced the court of common pleas to have arrived at a contrary conclusion, in view of the function of the court of common pleas in such an appeal; appellants have not pointed to any evidentiary standard or criteria by which the county commissioners were to arrive at their decision and against which the court of common pleas was to measure the propriety of their decision. In the absence of a demonstration that additional evidence introduced by the appellants would have resulted in a preponderance of the evidence supporting

the appellants' side of a factual standard or criteria, we are unable to say that the appellants were prejudiced by the order of the court of common pleas.

Accordingly, the first, second and third assignments of error are overruled. Similarly, for the reasons set out above, the fifth assignment of error is overruled.

The fourth assignment of error is also without merit. R.C. 703.22 reads as follows:

"When the limits of a municipal corporation become identical with those of a township, all township offices shall be abolished, and the duties thereof shall be performed by the corresponding officers of the municipal corporation. All property, moneys, credits, books, records, and documents of such township shall be delivered to the legislative authority of such municipal corporation. All rights, interests, or claims in favor of or against the township may be enforced by or against such municipal corporation."

Appellants reason that "* * * [Sec.] 503.07 of the Ohio Revised Code cannot be used to create a new township consisting solely of the village of Marble Cliff as such township is immediately abolished pursuant to the terms of [Sec.] 703.22 of the Ohio Revised Code." The court of common pleas correctly concluded that the statutes are not irreconcilable, and that R.C. 703.22 does not limit the authority of the board of county commissioners to detach a municipal corporation from the rest of a township but, instead, only deals with the result of a detachment. It is a fundamental rule of statutory construction that, where under one possible construction two statutes would appear to be irreconcilable, but under another possible construction they would not, the construction will be adopted which harmonizes the statutes and gives effect to each. Applying this rule of construction, we conclude that the effect of R.C. 703.22 is simply to preclude a meaningless duplication of offices, duties, and responsibilities once a municipal corpora-

tion has been detached from a township pursuant to R.C. 503.07.

The assignments of error are overruled, and the judgment of the court of common pleas is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and GUERNSEY, J., concur.

GUERNSEY, J., of the Third Appellate District, sitting by assignment in the Tenth Appellate District.