DAWSON, Appellant,

v.

RICHMOND HEIGHTS LOCAL SCHOOL BOARD, Appellee.

[Cite as *Dawson v. Richmond Hts. Local School Bd.* (1997), 121 Ohio App.3d 482.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 71964.

Decided June 30, 1997.

James G. Dawson, for appellant.

Squire, Sanders & Dempsey and Jeffrey J. Wedel, for appellee.

Per Curiam.

Appellant Eric Dawson appeals the order of the trial court dismissing his appeal of the decision of appellee Richmond Heights Local School District Board of Education ("the Board") upholding his five-day suspension from high school.

On January 12, 1995 appellant was observed standing outside the high school lobby smoking a cigarette. The teacher who observed appellant smoking in violation of the Student Code of Conduct referred the matter to the school's administration. This same day appellant was notified that he had violated the Student Code of Conduct and a hearing was held. The hearing was attended by appellant and the principal, and appellant was found to have violated the Code of Conduct and was suspended for five days. The suspension for this type of violation is usually shorter than five days, but because this was the second time appellant had been caught smoking, he was given the extended five-day suspension.

The principal notified appellant's parents of the suspension, and in response, appellant's father, who is an attorney, sent a letter indicating his intent to appeal the suspension. In the letter, the father asked that appellant's suspension be held in abeyance pending the outcome of the appeal. The Board's superintendent responded to this letter by denying the request to hold the suspension in abeyance, stating that this was appellant's second violation that school year and third overall.

On January 25, 1995, the father wrote a second letter to the superintendent requesting a hearing, a verbatim record of the hearing, and the presence of eight witnesses, and requesting that certain student files be available for inspection. The request for a hearing was granted, but all the other requests were denied. The hearing was held the next day. Appellant was not in attendance, but his father appeared. The superintendent conducted the hearing. The teacher who had observed appellant smoking testified as well as appellant's principal, who processed the suspension. The father declined to cross-examine the teacher or the principal but instead tendered his exhibits and written objections to the proceedings. Appellant's suspension was upheld.

Three months later, on April 14, 1995, appellant appealed the decision of the Board to the Cuyahoga County Court of Common Pleas. The Board filed the exhibits and a verbatim record of the proceedings with the court, and appellant filed a motion to conduct a *de novo* hearing. While this matter was pending, appellant was also appealing the three-day suspension he had incurred earlier in the year. The earlier suspension was affirmed by a different court on August 24, 1994. Appellant appealed this decision to this court. *Dawson v. Richmond Hts. Local School Dist.* (May 16, 1996), Cuyahoga App. No. 69577, unreported, 1996 WL 257481. We rejected appellant's claims and affirmed the initial three-day suspension. Subsequently, the Ohio Supreme Court refused to review the three-day suspension.

Upon receiving the Supreme Court's decision regarding the three-day suspension, the trial court in the instant case dismissed the appeal of the five-day

suspension as moot, since appellant had recently graduated from high school and because the three-day suspension had been affirmed and then denied on appeal by the Supreme Court. Appellant now appeals the trial court's dismissal of the appeal of his five-day suspension and presents three assignments of error.

In his first assignment of error appellant states as follows:

"The trial court erred to the prejudice of the appellant by summarily dismissing his administrative appeal as moot."

Appellant argues that the case is not moot because there are issues in the case which are capable of repetition and must therefore be addressed. Appellant claims that he was denied his right to due process and equal protection by being suspended prior to receiving a statutory hearing as required by R.C. 3313.66(E).

The Board maintains that appellant's appeal was properly dismissed as moot because when the Supreme Court refused to review the three-day suspension, this court's decision affirming that suspension became operative and rendered the instant appeal moot. Regarding appellant's argument that he was denied due process because he was not granted a hearing, the Board submits that appellant was given a hearing and thus this argument is without merit.

In *In re Appeal of Suspension of Huffer from Circleville High School* (1989), 47 Ohio St.3d 12, 546 N.E.2d 1308, a student was suspended from his high school wrestling team and appealed the suspension, but before the case was heard by the Ohio Supreme Court, the student graduated from high school. The school board argued that the case was moot since the student had since graduated from high school. The court stated a case is not moot if (1) the issues are capable of repetition, yet evading review, or (2) if a case involves a matter of public or great general interest. *Id.* at 14, 546 N.E.2d at 1310. The court went on to hold that "[t]he issue of the authority of local school boards to make rules and regulations is 'of great general interest'" and is capable of repetition yet may evade review and that therefore the case was not moot. *Id.*

 In the instant case, appellant is not challenging the authority of the local school board; he is arguing that he was denied his due process rights because he was not given a hearing pursuant to R.C. 3313.66(E). This appeal is not moot because whether a hearing was held pursuant to R.C. 3313.66(E) is a constitutional issue involving certain due process rights and is capable of repetition yet may be evaded on review when a high school student graduates. Notwithstanding this, appellant's argument fails because a hearing was held on this matter.

R.C. 3313.66(E) provides:

"A pupil or his parent, guardian, or custodian may appeal his expulsion or suspension by a superintendent or principal to the board of education."

■ Through counsel, appellant stated that he wanted to appeal his suspension. The Board responded that an appeal hearing would be held on January 26, 1996. Appellant acknowledged the suspension hearing in two subsequent letters to the Board. The hearing was held on the indicated date. Appellant did not attend, but his father, acting as his lawyer, did attend. The Board was represented by counsel, and the superintendent was present acting as the hearing officer. Also present was the principal of appellant's school as well as the teacher who caught appellant smoking.

The principal testified regarding the suspension of defendant, and the teacher testified that he had seen appellant smoking. Appellant's counsel refused to cross-examine both witnesses, stating that he did not know this was going to be a hearing. At the conclusion of the hearing, appellant's counsel objected, stating that his request that certain witnesses be present had not been granted. The Board subsequently affirmed appellant's suspension.

Clearly a hearing was conducted on January 26, 1996 as mandated by R.C. 313.66(E), and appellant had proper notice of the hearing. Appellant's first assignment of error is overruled.

Defendant's second assignment of error states as follows:

"The trial court erred to the prejudice of the appellant by summarily dismissing his administrative appeal where said dismissal is contrary to law and constitutes an abuse of discretion."

Appellant argues that the trial court erred by denying his motion to conduct a hearing *de novo pursuant* to R.C. 2506.03.

The Board maintains that appellant's motion for a hearing *de novo* was untimely filed. In addition, the Board contends that even if appellant's motion was timely filed, appellant has failed to show any prejudice resulting from the trial court's denial of the motion.

The trial court denied appellant's request for a hearing *de novo* on July 17, 1996 because the case had been stayed pending the resolution of the case involving the three-day suspension. Five months later, on December 31, 1996 the trial court dismissed the case as moot because appellant had graduated from high school and because the Supreme Court had refused to review this court's affirmance of the three-day suspension. A hearing *de novo* was never held.

Appellant submitted three reasons in his motion and affidavit in support of his motion to conduct a hearing *de novo*: (1) the testimony at the hearing was not given under oath, (2) he was not permitted to present evidence due to lack of subpoena power, and (3) the Board failed to file conclusions of fact. These reasons coincide with sections (A)(3), (4), and (5), of R.C. 2506.03, which provide

that a hearing shall proceed upon the filing of a notice of appeal from an adverse decision of an administrative body.

R.C. 2506.03 states as follows:

"(A) The hearing of such appeal shall proceed as in the trial of a civil action, but the court shall be confined to the transcript as filed pursuant to section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

" * * *

"(3) The testimony adduced was not given under oath;

"(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from or the refusal, after request, of such officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body;

"(5) The officer or body failed to file with the transcript, conclusions of fact supporting the final order, adjudication, or decision appealed from.

"If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and such additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to such party."

The Supreme Court indicated, in *Dvorak v. Municipal Civ. Serv. Comm.* (1976), 46 Ohio St.2d 99, 75 O.O.2d 165, 346 N.E.2d 157, at paragraph two of the syllabus, that the language in R.C. 2506.03 is mandatory in nature when it stated:

"Where in affidavit is filed pursuant to R.C. 2506.03, in an R.C. Chapter 2506 appeal, the reviewing court must consider its contents in its disposition of the case."

Recently in *Scott v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Edn.* (Aug. 31, 1995), Cuyahoga App. No. 68331, unreported, 1995 WL 517038, this court was confronted with the same issue and, citing, *Scafaria v. Fairview Park* (Nov. 12, 1992), Cuyahoga App. No. 61008, unreported, 1992 WL 333123, held that "[o]nce an affidavit is filed, the required circumstances are established and the court must schedule a hearing."

■ In the present case, appellant filed his motion and affidavit requesting a hearing, but the trial court dismissed the case without holding a hearing based on the affirmance of the prior three-day suspension and the denial of review by the Supreme Court. However, based on the above-cited authority, once appellant filed his affidavit the trial court was required to hold a hearing.

 The Board argues that the request for the *de novo* hearing was not timely filed. The Board submits that Loc.R. 28 of the Cuyahoga County Court of Common Pleas requires that within twenty days after the filing of the transcript the appellant must file his assignments of error and brief. Thus, in order to be in compliance with Loc.R. 28 the request for the *de novo* hearing should have been made within the twenty day period, along with the request that the court extend the time for the filing of briefs.

In the instant case, the transcript was filed on April 20, 1995. On June 19, 1995 appellant filed his request for a *de novo* hearing. This was two months after the transcript was filed and the Board argues that application of Loc.R. 28 indicates a violation of the rule by appellant should result in dismissal of the case for lack of prosecution.

Loc.R. 28 does not apply to the present issue because the rule sets deadlines for the filing of assignments of error and briefs and does not mention time constraints for motions.

The Board next argues that appellant must show some prejudice as a result of not holding the *de novo* hearing. In support, the Board cites *McCreery v. Brecksville Bd. of Zoning Appeals* (Dec. 27, 1984), Cuyahoga App. No. 48396, unreported, 1984 WL 6399, and *Franklin Twp. v. Marble Cliff* (1982), 4 Ohio App.3d 213, 4 OBR 318, 447 N.E.2d 765.

 In *McCreery*, the court held that because appellant submitted only constitutional arguments in his affidavit and not additional evidence that would warrant reversal of the administrative body's decision, the trial court's decision not to hold a hearing must be affirmed. The appellant in *McCreery* argued that he was denied a hearing, but his affidavit filed in support of his request for a hearing, as required by R.C. 2506.03, was inconclusive. The affidavit contained only constitutional arguments that had no bearing on whether a hearing should be held according to R.C. 2506.03. In contrast, appellant in the instant case filed an affidavit and memorandum in support of the motion for a hearing. There were no deficiencies in appellant's affidavit, and he identified three reasons pursuant to R.C. 2506.03 that require the holding of a hearing.

In *Franklin Twp.*, the court held that the judgment of the court of common pleas affirming an administrative body's decision will not be disturbed where a transcript of a hearing has not been filed "unless the complaining party can demonstrate that there is a reasonable likelihood that the outcome would have been different had they been permitted to introduce additional evidence." *Id.*, 4 Ohio App.3d at 213, 4 OBR at 318, 447 N.E.2d at 765–766. The complaining party in *Franklin Twp.* never complained about the lack of a hearing. In the present case, appellant is complaining about a lack of a hearing. Also, appellant

is not arguing that there was no transcript filed, nor is he arguing that he has additional evidence to introduce. He is complaining that the testimony was not given under oath, he was denied subpoena power, and the Board failed to file conclusions of fact. *Franklin Twp.* is distinguishable in that in the instant case the primary issue is that appellant was denied a hearing, while in *Franklin Twp.* the primary issue was the lack of filing of a hearing transcript.

The issues that each court relies on in these cases to affirm the administrative body's decisions are distinguishable from the issues in the instant case as indicated above and thus not germane to the instant case.

The trial court abused its discretion when it dismissed the case without first holding a hearing on the affidavit filed pursuant to R.C. 2506.03. Accordingly, appellant's second assignment of error is sustained. Pursuant to App.R. 12(A)(1)(c) we will not address appellant's third assignment of error.

*Judgment reversed*
*and cause remanded.*

DAVID T. MATIA, P.J., PATTON and SPELLACY, JJ., concur.