OPINION
{¶ 1} Appellant, Ryan Moody, appeals from the judgment of the Franklin County Court of Common Pleas affirming the order of appellee, the Westerville City School District Board of Education ("the Board"), expelling appellant from school for 28 days, and finding that said order is supported by reliable, probative and substantial evidence, is not unconstitutional, and is in accordance with law.
 {¶ 2} On April 5, 2006, a ten-day suspension was imposed against Ryan Moody, a sophomore student at Westerville Central High School. The notice indicated the suspension grounds as disruption of school, insubordination, assault, harassment and *Page 2 
violation of school rules resulting from appellant's alleged inappropriate and unwanted contact with a female student ("female student").
 {¶ 3} This incident came to light when Student 1 approached Assistant Principal Michelle Blackley on April 3, 2006, with concerns about alleged inappropriate contact between appellant and female student.[1]
Student 1 reported that female student confided in him that she was very upset about two incidents with appellant, in which appellant made unwanted and inappropriate advances. Student 1 related to Ms. Blackley that female student was not aware that Student 1 was coming to talk to her, and that female student had also confided in another friend, Student 2, about these alleged incidents with appellant.
 {¶ 4} After speaking with Student 1, Ms. Blackley relayed the information to Dean of Students Tron Smith and Principal Todd Meyer. Mr. Smith and Ms. Blackley agreed that Ms. Blackley would speak with female student and Mr. Smith would speak with appellant. In speaking with Ms. Blackley, female student described two separate incidents of unwanted contact with appellant that essentially consisted of appellant kissing and trying to touch female student despite her protestations. According to female student, these incidents occurred once in an art room and once in the locker area. After their conversation, Ms. Blackley described female student as being "very upset." Ms. Blackley also talked to Student 2, who confirmed that female student confided in her about being upset by two occasions with appellant. When asked why she did not inform anyone about this matter, female student indicated it was because she was taught to handle things herself. *Page 3 
 {¶ 5} On April 3, 2006, appellant received a notice of possible suspension. In talking to Mr. Smith, appellant denied any inappropriate contact, but admitted to hugging and kissing female student at school, and indicated it was consensual. Mr. Smith explained that he instructed appellant not to discuss the matter with any other students. Principal Meyer also spoke with appellant on April 4 and April 5, 2006. Appellant again admitted to hugging and kissing female student in school and described that female student initiated the kissing. Appellant at first denied that he discussed the matter with anyone, and then later admitted he showed the notice of suspension to a friend and to female student and asked female student if she was mad at him. Thereafter, by letter dated April 5, 2006, Principal Meyer notified appellant's parents that appellant would be suspended for ten days. No appeal was taken from the suspension.
 {¶ 6} A letter dated April 17, 2006, indicated expulsion was being considered. The letter explained a hearing was set for April 21, 2006, and would be conducted by the Superintendent's designee, Mr. Hershiser, the Executive Director of Student Activities, Safety and Communication. Present at the April 21, 2006 hearing were appellant, his parents, his counsel, Mr. Smith, Ms. Blackley, and Principal Meyer. After the hearing, expulsion was recommended. A notice of expulsion was sent by the Superintendent. The Superintendent's decision was appealed to the Board, and the Board's designee, Kevin Hoffman, held a hearing on May 8, 2006. After the hearing, Mr. Hoffman issued findings of fact and conclusions, which recommended the Board uphold the 28-day period of expulsion with modifications. Appellant then appealed to the Franklin County Court of Common Pleas in accordance with R.C. 2506.04. *Page 4 
 {¶ 7} Pursuant to R.C. 2506.03, appellant filed an affidavit from his mother, Tracy Moody, requesting that the trial court consider additional evidence beyond the administrative record due to inadequacies in the Board's hearing. Appellant also served interrogatories and a request for the production of documents, to which the Board objected. Upon review of the administrative record and the parties' arguments, the trial court issued a discovery order captioned "DECISION AND ENTRY GRANTING IN PART AND DENYING IN PART APPELLANT'S REQUEST FOR AN EVIDENTIARY HEARING; GRANTING IN PART AND DENYING IN PART APPELLEE'S MOTION FOR A PROTECTIVE ORDER, FILED ON JUNE 30, 2006; AND ESTABLISHING BRIEFING SCHEDULE," which in essence (1) denied appellant's request for a de novo hearing; (2) allowed appellant to subpoena female student to testify at a hearing; (3) allowed appellant the opportunity to refute female student's testimony; (4) allowed appellant to take the deposition of female student; and (5) limited appellant's discovery to the deposition of female student. (Oct. 17, 2006 Entry.)
 {¶ 8} Appellant, however, did not depose female student, or take the testimony of female student at an evidentiary hearing before the trial court. Therefore, the trial court determined the matter based on the administrative record and the parties' written arguments. On May 21, 2007, the trial court affirmed the decision of the Board. This appeal followed, and appellant brings the following three assignments of error for our review:
 Assignment of Error No. 1
 THE TRIAL COURT ERRED BY DENYING DISCOVERY TO APPELLANT AND BY LIMITING THE RECORD ON APPEAL TO THE ADMINISTRATIVE RECORD. *Page 5 
 Assignment of Error No. 2
 THE TRIAL COURT ERRED IN FAILING TO FIND THAT THE SCHOOL BOARD'S DECISION WAS UNCONSTITUTIONAL.
 Assignment of Error No. 3
 THE TRIAL COURT ERRED BY FAILING TO FIND THAT THE SCHOOL BOARD'S DECISION WAS ARBITRARY, CAPRICIOUS AND NOT BASED UPON RELIABLE EVIDENCE.
 {¶ 9} In his first assignment of error, appellant contends the trial court erred by denying discovery and limiting the record on appeal to the administrative record. Because female student's father was a volunteer coach for the high school baseball team, and was present during the interviews with his daughter by school officials, appellant suggests there was an issue as to whether the investigation of the incident was fair and impartial. According to appellant, he did not have the ability during the administrative process to discover the extent of the "principal and assistant principal's lack of impartiality." (Appellant's brief, at 5.) Additionally, because he lacked subpoena powers during the administrative process, appellant asserts he was denied the ability to cross-examine witnesses and/or challenge the testimony of female student and the other students who did not testify at the hearing.
 {¶ 10} We note initially that the trial court did not simply deny appellant's request to submit additional evidence and limit the record on appeal to the administrative record. Instead, the trial court denied in part, and granted in part appellant's request for an evidentiary hearing, and denied in part, and granted in part the Board's motion for a protective order. This was done after the parties briefed the issues and the trial court *Page 6 
stayed discovery until it could review the administrative record for deficiencies. The trial court reviewed R.C. 2506.03, which provides in part:
 (A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:
 (1) The transcript does not contain a report of all evidence admitted or proffered by the appellant.
 (2) The appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, and to do any of the following:
 (a) Present the appellant's position, arguments, and contentions;
 (b) Offer and examine witnesses and present evidence in support;
 (c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;
 (d) Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions;
 (e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.
 (3) The testimony adduced was not given under oath.
 (4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from, or the refusal, after request, of that officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body.
 (5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision. *Page 7 
 (B) If any circumstance described in divisions (A)(1) to (5) of this section applies, the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party. At the hearing, any party may call, as if on cross-examination, any witness who previously gave testimony in opposition to that party.
 {¶ 11} Recognizing appellant's lack of subpoena power over female student, the trial court held:
 Accordingly, a de novo hearing will not be afforded to the Appellant. Rather, the Appellant will be permitted to subpoena the alleged female victim to testify at a hearing before the Court. At the hearing, the Court will also give [appellant] the opportunity to refute the alleged victim's testimony, if he wishes to do so. See R.C. 2506.03(A)(1)(d).
(Oct. 17, 2007 Entry, at 5.)
 {¶ 12} With respect to the Board's motion for protective order the trial court stated:
 Since the Court will allow Appellant to present limited additional evidence, Appellant also will be permitted to take the deposition of the alleged female victim.
 Appellant also has requested the opportunity to conduct discovery on, among other things, the alleged impartiality of the hearing officer, whether [appellant's] conduct caused the alleged victim to experience anxiety and/or depression, and other issues that "might" have affected the due process afforded to [appellant]. The Court's review of the record indicates that such additional discovery is unnecessary and not warranted under R.C. Chapter 2506. At the Board hearing, [appellant's] counsel questioned the district's witnesses about issues of alleged impartiality. Whether the alleged victim experienced anxiety or depression is immaterial to the question of whether [appellant] violated the Code of Student Conduct. Discovery in this case shall be limited to the deposition discussed in the preceding paragraph.
(Id. at 6.) *Page 8 
 {¶ 13} Because appellant filed an affidavit stating the circumstances described in R.C. 2506.03(A)(4), appellant contends the trial court "was not confined to the transcript," and that the only restriction on his presentation of evidence should have been to that which was relevant to the matter at hand. (Appellant's Brief at 7.) Appellant further contends that the trial court's restrictive reading of the statute, i.e., that additional evidence be limited to deficiencies in the record, bears no support, and that he was entitled to a de novo hearing. In support of his position, appellant cites to Neague v. Worthington City SchoolDist. (1997), 122 Ohio App.3d 433, and Dawson v. Richmond Heights LocalSchool Bd. (1997), 121 Ohio App.3d 482.
 {¶ 14} We, however, find that the statute itself refutes appellant's position. A full reading of the statute clearly does not grant a right to a de novo hearing. Further, as this court has stated, "[t]he purpose of R.C. 2506.03 is to allow `the trial court to conduct an evidentiary hearing to "fill in the gaps" [if] the transcript is deficient or incomplete.'" Workman v. Franklin Cty. Dist. Bd. of Health (Mar. 27, 2001), Franklin App. No. 00AP-905, quoting Eckmeyer v. Kent City SchoolDist. Bd. of Edn. (Nov. 3, 2000), Lake App. No 99-P-0117. See, also,Price v. Magaretta Twp. Bd. of Zoning Appeals, Erie App. No. E-04-023,2005-Ohio-1778, at ¶ 30 (explaining that where an appellant files an affidavit alleging deficiencies in an administrative hearing, the common pleas court must consider this and afford the appellant a hearing to correct the deficiencies outlined in R.C. 2506.03); Bay v. Gallia-VintonEduc. Serv. Ctr., Gallia App. No. 02CA9, 2003-Ohio-7335 (noting that where a transcript is incomplete, R.C. 2506.03 provides for the trial court to conduct a hearing to fill in the gaps); Bussey v. PortsmouthMetro. Hous. Auth. (Nov. 20, 1993), Scioto App. 92 CA 2059 (holding that R.C. 2506.03 does not grant a right to a de *Page 9 
novo hearing before the common pleas court); Wickliffe FirefightersAssn. v. Wickliffe (1990), 66 Ohio App.3d 681, 685 (stating that "R.C. Chapter 2506 appeals are limited to the transcript of the administrative body and to corrections of that transcript, as provided in R.C. 2506.03").
 {¶ 15} Appellant cites Neague and Dawson for the proposition that the affidavit filed by appellant's mother entitled him to a de novo hearing before the trial court. In Neague, a student was suspended from school, and on appeal, the trial court limited the record solely to the administrative record. This court held it was error for the trial court not to permit additional evidence pursuant to R.C. 2506.03, because appellant established he was unable to conduct cross-examination of one of the witnesses at the administrative hearing. Therefore, the matter was remanded to the trial court "for the allowance of additional evidence." Id. However, nothing in Neague suggests this court's endorsement of a de novo hearing due to deficiencies in an administrative record. Rather, this court found only that the trial court erred in not allowing any additional evidence after a deficiency in the administrative record had been established. Similarly, inDawson, the Eighth District found that it was error for the trial court to not hold a hearing on the appellant's affidavit filed pursuant to R.C. 2506.03. But, again, there is no mention that a de novo hearing is required despite the appellant's suggestion that he was entitled to such. In conclusion, we find no merit to appellant's position that he was entitled to de novo hearing before the trial court.
 {¶ 16} Our next inquiry then concerns whether appellant established deficiencies in the record for which he now claims on appeal that he was prohibited from conducting discovery and presenting evidence on appeal. Appellant asserts his due process rights *Page 10 
were violated by the lack of impartiality, and that his due process rights "may" have been violated through potential "procedural defects" with respect to how this matter was handled. (Appellant's brief, at 5.) According to appellant, only through discovery would he have been able to obtain the needed information.
 {¶ 17} The affidavit submitted by appellant alleges general deficiencies concerning the circumstances listed in R.C. 2506.03, in that he was not permitted to appear and cross-examine witnesses, he was not permitted to offer evidence to refute evidence against him, and he lacked subpoena power. With respect to appellant's argument that he was unable to explore the impartiality of the hearing officer and that there "may" have been other procedural defects in this matter, as the trial court noted, appellant's counsel questioned the Board's witnesses about alleged impartiality. Ms. Blackley, Mr. Smith, Mr. Hershiser and Principal Meyer were asked at the Board hearing of the role, if any, the status of female student's father played in either the investigation or the decision-making process. In fact, Ms. Blackley, Mr. Smith and Mr. Hershiser testified they were unaware that female student's father was a volunteer baseball coach at the time this matter was being handled. Therefore, as the trial court correctly found, there was no basis under R.C. 2506.03 to permit additional evidence on this issue.
 {¶ 18} Appellant further argues that he was not able to cross-examine a number of witnesses or challenge testimony due to the Board's reliance on hearsay. As an example, appellant refers to the fact that neither female student, nor Student 1 and Student 2 testified at the hearing, but their hearsay statements were relied on by the hearing officer. We note that other than the inability to compel the testimony of female student, this issue was not raised at the administrative level, and as such, it is waived. *Page 11 Stanger v. Worthington (Sept. 23, 1997), Franklin App. No. 96APE12-1626 (holding that appellant's error of failure to swear witnesses, issues of examination and cross-examination, and hearsay testimony were not objected to or otherwise raised at the administrative level and were therefore waived).
 {¶ 19} Moreover, as the Board contends, reliance by an administrative agency on hearsay is not a defect listed under R.C. 2506.03, and administrative agencies are generally not subject to the Rules of Evidence, including those related to hearsay. See, Doersam v.Gahanna (Sept. 30, 1997), Franklin App. No. 96APF12-1766. (In an appeal pursuant to R.C. Chapter 2506, the court held that as a general rule, administrative agencies are not bound by the strict rules of evidence and the hearsay rule is relaxed in administrative proceedings.) Further, the Sixth Circuit Court of Appeals has held there is no denial of due process by not being permitted to cross-examine one's student accusers.Newsome v. Batavia Loc. School Dist. (C.A.6, 1988), 842 F.2d 920. The court in Newsome stated:
 The value of cross-examining student witnesses in school disciplinary cases, however, is somewhat muted by the fact that the veracity of a student account of misconduct by another student is initially assessed by a school administrator — in this case, the school principal — who has, or has available to him, a particularized knowledge of the student's trustworthiness. The school administrator generally knows firsthand (or has access to school records which disclose) the accusing student's disciplinary history, which can serve as a valuable gauge in evaluating the believability of the student's account. Additionally, the school administrator often knows, or can readily discover, whether the student witness and the accused have had an amicable relationship in the past. Consequently, the process of cross-examining the student witness may often be merely duplicative of the evaluation process undertaken by the investigating school administrator. *Page 12 
Id. at 924 (fn. omitted); see, also, Doe v. Bd. of Edn. of the ElyriaCity Schools (C.A.6, 1988) No. 96-4008, 1998 U.S. App. LEXIS 10783;Beavers v. Anthony Wayne Schools Bd. of Edn. (Apr. 19, 1991), Lucas App. No. L-89-300.
 {¶ 20} In his final argument, appellant asserts his lack of subpoena power prevented him from calling witnesses. However, with the exception of female student, this issue was also not raised at the administrative level. The trial court though recognized the lack of subpoena power, and thereby did allow appellant to depose female student and to call her to testify at an evidentiary hearing. Appellant chose not to do so.
 {¶ 21} We find the trial court permitted appellant to "fill in the gaps" through limited discovery, and no abuse of discretion in the trial court's discovery order. Accordingly, we overrule appellant's first assignment of error.
 {¶ 22} Prior to reviewing appellant's remaining two assignments of error, we recall the applicable standard of review for both the trial court and this court from an administrative appeal brought pursuant to R.C. Chapter 2506. In an appeal pursuant to R.C. Chapter 2506, the court of common pleas may find that the order, adjudication, or decision is "unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record." R.C. 2506.04. Consistent with its findings, the court of common pleas may "affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court." Id.
 {¶ 23} In conducting its review, the common pleas court is to give due deference to the agency's resolution of evidentiary conflicts, and not "blatantly substitute its judgment *Page 13 
for that of the agency." Dudukovich v. Lorain Metro. Hous. Auth. (1979),58 Ohio St.2d 202, 207. As such, the common pleas court is required to affirm the agency's decision if it is supported by a preponderance of reliable, probative and substantial evidence. Id.
 {¶ 24} The standard of review to be applied by the court of appeals is more limited in scope. Barristers, Inc. v. Westerville CityCouncil, Franklin App. No. 03AP-1073, 2004-Ohio-2533, at ¶ 11, citingHenley v. Youngstown Bd. of Zoning Appeals (2000), 90 Ohio St.3d 142. Our review is limited to the issue of whether the trial court abused its discretion in finding that a preponderance of reliable, probative and substantial evidence exists to support the decision of the agency. Id. at ¶ 13, citing Lorain City School Dist. Bd. of Edn. v. State Emp.Relations Bd. (1988), 40 Ohio St.3d 257. See, also, Gasper v. WashingtonTwp., Franklin App. No. 02AP-1192, 2003-Ohio-3750, appeal not allowed,100 Ohio St.3d 1507, 2003-Ohio-6161, citing Elbert v. Bexley PlanningComm. (1995), 108 Ohio App.3d 59, 66, appeal not allowed,75 Ohio St.3d 1477.
 {¶ 25} In his second assignment of error, appellant contends the Board's decision was unconstitutional because: (1) the officials investigating the allegations were not impartial; (2) the assistant principal was not properly authorized to suspend students; (3) appellant had a due process right to appear in person before the superintendent to challenge the reasons for the expulsion; and (4) the Board's standard of review is supposed to be de novo.
 {¶ 26} As under his first assignment of error, appellant again suggests the investigation of female student's allegations was not impartial because of her father's status as a volunteer baseball coach for the high school. However, there is no evidence to suggest that female student's father's relationship with the school played a role in either *Page 14 
the investigation or the ultimate decision. During the administrative hearing, both Ms. Blackley and Mr. Smith testified that they were not aware during the investigation that female student's father was a volunteer coach for the district. Ms. Blackley stated that she learned of female student's father's relationship with the school just prior to the Board hearing held on May 8, 2006, when she read it in a document. Principal Meyer stated that he had forgotten the female student's father was a volunteer coach until he saw him during the investigation. Mr. Hershiser stated that he was not aware at the time he conducted the hearing that female student's father was a volunteer coach. Further, as indicated previously, at the administrative hearing, appellant's counsel was able to cross-examine Ms. Blackley, Mr. Smith, Mr. Hershiser, and Principal Meyer on this very issue. Consequently, we are unable to find evidence of partiality on the part of the school officials conducting the investigation, and we are also unable to find a due process violation on that basis.
 {¶ 27} Appellant next contends his due process rights were violated because the assistant principal signed the April 2006 "Notice of Possible Suspension/Expulsion" and it is unknown whether he had authority to do so granted by the Board. Ohio law provides that only the principal may suspend a student unless the school district has adopted a policy to allow the assistant principal to take such action. R.C.3313.66(A). Because the Board has not established that the assistant principal had the authority to suspend him, appellant contends the suspension was invalid. As noted by the Board, no appeal was taken from the suspension, and, therefore, the only issue properly before the trial court was the expulsion. Moreover, as the trial court indicated, Mr. Smith signed the "Notice of Possible Suspension/Expulsion," which serves to inform a student that he or she may be *Page 15 
suspended from school. The letter sent to appellant's parents, dated April 5, 2006, and signed by Principal Meyer actually implements the suspension. Therefore, we find no merit to appellant's contention of a due process violation concerning his suspension.
 {¶ 28} Appellant next asserts his due process rights were violated because he was not given an opportunity to appear before the Superintendent to challenge the reasons for the intended expulsion. This, according to appellant, is in direct violation of R.C.3313.66(B)(6), which provides that:
 (B)(1) Except as provided under division (B)(2), (3), or (4) of this section, the superintendent of schools of a city, exempted village, or local school district may expel a pupil from school for a period not to exceed the greater of eighty school days or the number of school days remaining in the semester or term in which the incident that gives rise to the expulsion takes place, unless the expulsion is extended pursuant to division (F) of this section. If at the time an expulsion is imposed there are fewer than eighty school days remaining in the school year in which the incident that gives rise to the expulsion takes place, the superintendent may apply any remaining part or all of the period of the expulsion to the following school year.
 * * *
 (6) No pupil shall be expelled under division (B)(1), (2), (3), (4) or (5) of this section unless, prior to the pupil's expulsion, the superintendent does both of the following:
 (a) Gives the pupil and the pupil's parent, guardian, or custodian written notice of the intention to expel the pupil;
 (b) Provides the pupil and the pupil's parent, guardian, custodian, or representative an opportunity to appear in person before the superintendent or the superintendent's designee to challenge the reasons for the intended expulsion or otherwise to explain the pupil's actions.
 {¶ 29} According to appellant, he had a right to appear before the person making the decision, who according to appellant was the Superintendent, despite the fact the *Page 16 
hearing was actually conducted by his designee, Mr. Hershiser. Because the Superintendent indicated his decision to expel appellant was based on review of the written documents and conversations with Mr. Hershiser, it is appellant's position that the hearing in front of the Superintendent's designee was meaningless because the designee was not the party making the final decision.
 {¶ 30} The statute, however, refutes, appellant's position. Appellant and his parents had notice of the Superintendent's intent to expel appellant, which also notified them of their opportunity to appear at the hearing and challenge the reasons for the expulsion and/or explain appellant's behavior. The letter explained the hearing would be conducted by Mr. Hershiser, who held a hearing on April 21, 2006. Hence, appellant and his parents were provided "an opportunity to appear in person before * * * the superintendent's designee to challenge the reasons" for the expulsion and to explain appellant's actions. See R.C.3313.66(B)(6). It is clear there was compliance with all the procedural requirements of R.C. 3313.66, which set forth the due process that must be afforded in expulsion matters. See Turner v. South-Western CitySchool Dist. (S.D.Ohio 1999), 82 F.Supp.2d 757.
 {¶ 31} In his last argument under his second assignment of error, appellant contends due process requires the right to an "independent hearing" with Mr. Hoffman, and an "independent determination" of whether or not there was a Student Code of Conduct violation. (Appellant's brief, at 13.) Appellant suggests Mr. Hoffman's statement that "there is sufficient information to support the Superintendent's decision that [appellant] violated the Student Code of Conduct," demonstrates that Mr. Hoffman gave improper deference to the Superintendent's decision. *Page 17 
 {¶ 32} However, as asserted by the Board, the record refutes appellant's claim. Mr. Hoffman set forth findings of fact and conclusions, in which he stated he reviewed the investigation and considered the testimony to determine that sufficient evidence supported the Superintendent's decision. Thus, the record reveals Mr. Hoffman not only conducted an independent review of the evidence, but also did indeed make an independent determination. This is further illustrated by the fact that Mr. Hoffman modified the expulsion issued by the Superintendent on two bases: (1) to provide appellant with the opportunity to receive information from his teachers to enable him to independently continue his studies and prepare for exams; and (2) for appellant, upon graduation, to request and receive the documentation regarding this matter. For these reasons, we find no indication Mr. Hoffman gave improper deference to the Superintendent's decision, and thereby caused a due process violation.
 {¶ 33} Consequently, we overrule appellant's second assignment of error.
 {¶ 34} In his final assignment of error, appellant contends the trial court erred in failing to find the Board's order was arbitrary, capricious and not based upon reliable evidence. According to appellant, there were no witnesses to these alleged incidents at issue, and female student did not testify; and, therefore, the Board's decision was not based upon reliable evidence. Appellant suggests there was no evidentiary basis for Mr. Hoffman to conclude the female student's version of events should be believed over appellant's.
 {¶ 35} As indicated previously, while it is incumbent on the common pleas court to examine the evidence, such is not the charge of the appellate court. Krumm v. Upper Arlington City Council, Franklin App. No. 05AP-802, 2006-Ohio-2829, at ¶ 10, citing *Page 18 Henley, supra. "The fact that the court of appeals [* * *] might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Id., quoting Henley at 147, quoting Lorain CitySchool Dist. Bd. of Edn., supra.
 {¶ 36} As recognized by both parties, this matter entailed credibility determinations in that it was essentially appellant's word against that of female student. However, there is nothing in the evidence to suggest female student was not reliable or credible. At the Board hearing, Mr. Hoffman heard testimony from Ms. Blackley, Mr. Hershiser, Mr. Smith, Principal Meyer, appellant, and his parents, Tracy and David Moody. Mr. Hoffman also reviewed the transcript of the hearing before Mr. Hershiser, as well as written character references submitted by appellant. While appellant contended the incidents complained of consisted of consensual hugging, kissing, and him having his hand on female student's stomach and at the waistline of her pants, female student's version of the incidents differed. According to the evidence, female student related that on the two incidents at issue, appellant tried to put his hand up her skirt, put his hands down her pants, stated "show me your boobs," and hugged and kissed her without her consent.
 {¶ 37} Despite appellant's suggestion that he was credible and female student was not, Mr. Hoffman obviously found to the contrary. Though female student was not there to testify, appellant was permitted to compel her testimony before the common pleas court, but he declined to do so. Despite his protestations that the evidence before the Board was inconsistent and contradictory, upon review of the record, we are unable to find that the trial court abused its discretion in giving due deference to the Board's *Page 19 
determination, and finding a preponderance of reliable, probative, and substantial evidence existed to support the Board's decision. Accordingly, we overrule appellant's third assignment of error.
 {¶ 38} For the foregoing reasons, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
PETREE and TYACK, JJ., concur.
[1] For purposes of anonymity, the other students involved will be referred to as Student 1 and Student 2. *Page 1