[Cite as *Pride v. Cleveland Hts. Nuisance Abatement Bd. of Rev.*, 2022-Ohio-1236.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

DARLENE PRIDE,                          :

    Plaintiff-Appellant,            :

                                     No. 110638

    v.                              :

CITY OF CLEVELAND HEIGHTS               :
NUISANCE ABATEMENT BOARD
OF REVIEW, ET AL.,                      :

    Defendants-Appellees.           :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 14, 2022

---

Administrative Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-21-945687

---

### *Appearances:*

Gary Cook; and James Alexander, Jr., *for appellant.*

William R. Hanna, Cleveland Heights Director of Law, and Pamela Roessner, Assistant Director of Law, *for appellee.*

FRANK DANIEL CELEBREZZE, III, P.J.:

{¶ 1} Appellant Darlene Pride ("appellant") appeals the decision of the Cuyahoga County Court of Common Pleas that affirmed the decision of appellee city of Cleveland Heights Nuisance Abatement Board of Review ("NABR") in her

administrative appeal. After a thorough review of the applicable law and facts, we affirm the judgment of the common pleas court.

## I. Factual and Procedural History

{¶ 2} Appellant was the owner of a double-family dwelling located at 3188 Coleridge Road/2390 Lee Road, Cleveland Heights, Ohio ("Property"). In September 2020, a large fire occurred at the Property. The following day, the city of Cleveland Heights conducted an inspection of the Property by three city representatives — City Fire Inspector Jim Streb ("Streb"), City Building Official Rick LoConti ("LoConti"), and City Housing Director Allan Butler ("Butler").

{¶ 3} Streb determined that, prior to the fire, there were structural issues at the Property, including standing water in the basement, hoarding conditions, and a general lack of maintenance. He further found that the Property was severely damaged by the fire.

{¶ 4} LoConti also found many structural issues with the Property, to wit: the roof had partially collapsed, the floor to the attic had collapsed, and the building joists were separating. The Property was extremely deteriorated, which had caused structural collapse. There were additional structural problems involving the foundation of the Property.

{¶ 5} LoConti found that the Property was unsafe and posed a serious hazard to human life and health. He determined that the Property should be razed immediately. Butler concurred with these findings.

{¶ 6} Appellant wanted to repair the Property and requested a second inspection. The three city officials again inspected the Property several days later and came to the same conclusion — that the Property was unsafe, a serious hazard to health and human life, and had to be razed.

{¶ 7} The city's building official and housing director issued a "Notice of Code Violation and an Emergency Demolition Order" to appellant, who filed a notice of appeal with the NABR.

{¶ 8} The NABR held a virtual hearing via WebEx on appellant's appeal, wherein appellant appeared and was represented by counsel. Appellant was permitted to present evidence and witnesses at the hearing.

{¶ 9} At the time of the hearing, 120 days had passed since appellant's notice of appeal had been filed. Appellant did not present any evidence at the hearing of any efforts she had made during that time to address the findings of the inspections of the Property or to render it safe and habitable. She was permitted to testify at the hearing, but did not do so, and only presented the testimony of an architect with regard to repairing the Property.

{¶ 10} Prior to the hearing, Butler had conducted an updated inspection of the Property and took photographs of the deterioration since the fire. Several feet of ice had formed in the basement of the Property. Butler testified that the ice further rendered the Property unsafe and a hazard because it had caused additional damage to the foundation of the Property.

{¶ 11} According to county records, the Property had been valued at $235,000 prior to the fire. There was a tax delinquency of $10,000 on the Property. The city estimated the cost to repair the Property to be $484,500. Appellant's architect testified that the estimated cost of repair was $300,000. Appellant did not have insurance for the Property.

{¶ 12} At the conclusion of the hearing, the NABR determined that the city had proven the existence of a nuisance and the reasonableness of the building official's emergency demolition order. Appellant's appeal was denied.

{¶ 13} The proceedings at the hearing were recorded using WebEx, but it was later discovered that the recording was corrupted and consequently could not be transcribed. The NABR reconvened to consider findings of fact and issued its final order and decision along with findings of fact.

{¶ 14} Appellant timely filed an appeal of the NABR decision to the Cuyahoga County Court of Common Pleas under R.C. Chapter 2506. She further sought an emergency stay of the demolition of the Property, which was granted by the court.

{¶ 15} The parties briefed the administrative appeal, and the court affirmed the decision of the NABR. The court determined that, after reviewing the record, it could not find that the decision of the NABR was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. Appellant did not seek a stay of this decision, and the Property was demolished on June 14, 2021.

{¶ 16} Appellant appealed, raising three assignments of error for our review:

1. The lower court erred in upholding the appellee's affirmation of the nuisance finding and demolition order because the final order to raze the residence was unconstitutional, illegal, arbitrary, capricious, unreasonable, and unsupported by the preponderance of substantial, reliable, and probative evidence.

2. The lower court erred by not considering the appellant's assignment of error that the Cleveland Heights City Council was required to pass legislation authorizing the demolition of the property as a nuisance, because the lower court incorrectly opined that the appellant "waived" the argument and/or that such issue could be reviewed under the "plain error" doctrine.

3. The lower court erred by not conducting a hearing to supplement the evidence missing from the nuisance board record.

## II. Law and Analysis

{¶ 17} Preliminarily, we must address an issue that was discussed at oral argument in this matter — whether this appeal has been rendered moot because the Property has already been razed. A matter becomes moot "[i]f events transpire post-judgment that make it impossible for an appellate court to grant any effectual relief, the appellate court has nothing to decide and the appeal is rendered moot." *Ardire v. Westlake City Council*, 8th Dist. Cuyahoga No. 99347, 2013-Ohio-3533, ¶ 3, citing *Miner v. Witt*, 82 Ohio St. 237, 92 N.E. 21 (1910), syllabus.

{¶ 18} This court has previously held that where the subject building on the property has been demolished, and the property owner has failed to obtain a stay of the lower court's judgment, the property owner's arguments are rendered moot. *Mayfield v. Costanzo & Son Co.*, 8th Dist. Cuyahoga No. 96890, 2012-Ohio-271, ¶ 14, citing *Armour v. Luckey*, 9th Dist. Summit No. 10220, 1981 Ohio App. LEXIS

13668 (Aug. 27, 1981) (denial of stay and demolition of the building rendered argument on appeal moot).

{¶ 19} As noted above, appellant failed to obtain a stay of the lower court's decision upholding the nuisance finding and demolition order, and the Property was demolished. Accordingly, any arguments related to the propriety of the demolition have been rendered moot. While appellant expressed a desire to seek damages with regard to the razing of the Property, such relief could only be sought through a separate action. Consequently, because the demolition order has been carried out and the Property has been razed, there is no relief in *this administrative appeal* that can be afforded to appellant. Even if this court were to reverse the judgment of the lower court, there is no relief that can be afforded to appellant because the demolition has already occurred. "'An appeal is moot if it is impossible for the appellate court to grant any effectual relief.'" *Wells Fargo Bank, N.A. v. Cuevas*, 8th Dist. Cuyahoga No. 99921, 2014-Ohio-498, ¶ 22, quoting *Equibank v. Rivera*, 8th Dist. Cuyahoga No. 72224, 1998 Ohio App. LEXIS 185, 3 (Jan. 22, 1998), citing *Miner*.

{¶ 20} However, we note that appellant's second and third assignments of error appear to invoke due process arguments, and thus we will address them. *See, e.g., Mayfield*. As set forth below, we find them both to be without merit.

## A. Second Assignment of Error

{¶ 21} In her second assignment of error, appellant argues that the lower court erred by not considering her assigned error that Cleveland Heights City

Council was required to pass legislation authorizing the demolition of the Property as a nuisance, because the lower court incorrectly opined that the appellant waived the argument and/or that such issue could be reviewed under the plain error doctrine.

{¶ 22} In its order, the common pleas court determined that appellant's assertion that council should have declared the Property a nuisance prior to issuing a demolition order could have been raised at the hearing before the NABR, but appellant did not do so. The trial court noted that this argument was made for the first time in the appeal and was consequently waived.

{¶ 23} We find that the common pleas court correctly determined that appellant had failed to bring the issue of the need for legislative action to the attention of the NABR and thus, the issue was waived on appeal.

{¶ 24} Regardless, even if the lower court had reviewed appellant's argument for plain error, her argument was without merit. Appellant correctly notes that Cleveland Heights Codified Ordinance ("CHCO") 553.03(b) provides that "Council shall first declare said property or structure a Nuisance prior to the issuance of an order to raze." However, the order in this case was an emergency order. Under CHCO 553.11, if the mayor or designee determine that an emergency exists due to the continuing presence of a nuisance, the city may perform any action under CHCO Chapter 553 or other applicable state and federal law without prior notice or hearing.

{¶ 25} Accordingly, because the NABR determined that an emergency existed with regard to the Property, the city was permitted to raze the Property

without any further action. There was no plain error, and appellant's second assignment of error is overruled.

## B. Third Assignment of Error

{¶ 26} In appellant's final assignment of error, she argues that the common pleas court erred by failing to conduct a hearing to supplement the evidence missing from the NABR's record.

{¶ 27} Under R.C. 2506.02, the NABR had 40 days to "prepare and file * * * a complete transcript of all the original papers, testimony, and evidence offered, heard, and taken into consideration in issuing [its] final order, adjudication, or decision."

{¶ 28} As noted above, the hearing before the NABR was conducted via WebEx; the proceedings were also supposed to be recorded via WebEx. However, the recording was corrupted and unavailable for transcription.

{¶ 29} The city filed a record of proceedings that contained all of the original papers submitted to the NABR with respect to appellant's appeal, including numerous photographs and documents submitted by the city, along with appellant's partially completed architectural plans. The city further submitted hearing minutes that contained a summary of all the sworn testimony presented to NABR by the city's witnesses and appellant's sole witness — her architect. The hearing minutes also contained a summary of the questions and comments of the NABR members regarding appellant's appeal. In addition, NABR issued a written final order and decision and findings of fact.

{¶ 30} After the city filed the record with the common pleas court, appellant moved the court to order the city to file a complete transcript of all testimony. Appellant argued that the summary of proceedings filed by the city failed to include evidence obtained on cross-examination where some of the city's witnesses agreed that the Property could be repaired. The court denied appellant's motion, presumably because there was no transcript to be filed due to the technical difficulties.

{¶ 31} In reviewing an appeal under R.C. Chapter 2506, the common pleas court "is confined to the transcript of the administrative body, unless one of the conditions specified in R.C. 2506.03 appears on the face of the transcript or by affidavit." *Dvorak v. Mun. Civil Serv. Comm.*, 46 Ohio St.2d 99, 346 N.E.2d 157 (1976), paragraph one of the syllabus.

{¶ 32} R.C. 2506.03 provides the following:

(A) The hearing of an appeal taken in relation to a final order, adjudication, or decision covered by division (A) of section 2506.01 of the Revised Code shall proceed as in the trial of a civil action, but the court shall be confined to the transcript filed under section 2506.02 of the Revised Code unless it appears, on the face of that transcript or by affidavit filed by the appellant, that one of the following applies:

(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant.

(2) The appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, and to do any of the following:

(a) Present the appellant's position, arguments, and contentions;

(b) Offer and examine witnesses and present evidence in support;

(c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;

(d) Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions;

(e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.

(3) The testimony adduced was not given under oath.

(4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from, or the refusal, after request, of that officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body.

(5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision.

{¶ 33} If one of those conditions exists, the court shall hear the appeal upon the transcript and additional evidence as may be introduced by any party.  R.C. 2506.03(B).  "[If] an affidavit is filed pursuant to R.C. 2506.03, * * * the reviewing court must consider its content in its disposition of the case."  *Dvorak* at paragraph two of the syllabus.

{¶ 34} This court has noted that "[i]t is not enough that omissions or gaps occur in the transcript, a party seeking to present additional evidence pursuant to R.C. 2506[.03] must demonstrate that there is a reasonable likelihood that the additional evidence when allowed would change the outcome of the decision he [or she] seeks to overturn."  *Ardire v. Westlake Planning Comm.*, 8th Dist. Cuyahoga No. 61636, 1993 Ohio App. LEXIS 620, 7 (Feb. 4, 1993), citing *Franklin Twp. v. Marble Cliff*, 4 Ohio App.3d 213, 447 N.E.2d 765 (10th Dist.1982).

{¶ 35} Appellant moved the court to order the city to provide a complete transcript, but it could not do so as a result of the WebEx technical difficulties. The record does not reflect that appellant subsequently moved to submit additional evidence under R.C. 2506.03(A) once her prior motion was denied. While the instant assignment of error asserts that the court erred by failing to conduct a hearing, appellant never asked it to do so. Accordingly, appellant did not pursue her available remedy. *See Smith v. Coventry Twp. Zoning Dept.*, 9th Dist. Summit No. 23871, 2008-Ohio-2532, ¶ 9, quoting *Bussey v. Portsmouth Metro. Hous. Auth.*, 4th Dist. Scioto No. 92 CA 2059, 1993 Ohio App. LEXIS 5988, 20 (Nov. 30, 1993) ("'remedy for an inadequate transcript is to file a R.C. 2506.03(A) motion requesting the court to hear additional evidence.'").

{¶ 36} Accordingly, we find that appellant has not demonstrated that the common pleas court erred in failing to conduct a hearing, and her third assignment of error is overruled.

### III. Conclusion

{¶ 37} Appellant's first assignment of error was rendered moot by her failure to seek a stay of the lower court's decision, which allowed the Property to be razed. Appellant's second and third assignments of error are overruled. The lower court did not err in finding that appellant had waived the issue of the need to bring legislative action or in declining to conduct a hearing in this matter.

{¶ 38} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

FRANK DANIEL CELEBREZZE, III, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
EMANUELLA D. GROVES, J., CONCUR