KRESSER, Appellee,

v.

SANDUSKY BOARD OF EDUCATION et al., Appellants.

[Cite as *Kresser v. Sandusky Bd. of Edn.* (2001), 140 Ohio App.3d 634.]

Court of Appeals of Ohio,
Sixth District, Erie County.

No. E–00–043.

Decided Jan. 12, 2001.

*Duffield E. Milkie,* for appellee.

*Scott F. Serazin,* for appellants.

SHERCK, Judge.

This accelerated appeal comes to us from a judgment issued by the Erie County Court of Common Pleas reversing a school board's decision to expel a student from school. Because we conclude that the trial court did not abuse its discretion in making its ruling, we affirm.

Appellee, Jason Kresser, was expelled by appellant, Sandusky Board of Education ("board"), for allegedly violating its dangerous weapons policy.[1] On September 16, 1999, the principal of Sandusky High School suspended appellee from school and gave him notice of expulsion. On September 30, 1999, a hearing was held before the assistant superintendent, who upheld the expulsion. On October 14, 1999, the board conducted an appeal hearing and affirmed the assistant superintendent's decision.

Appellee timely appealed the board's decision to the Erie County Court of Common Pleas. The common pleas court reversed appellee's expulsion. The court specifically found that the initial hearing was not held within the time period required by R.C. 3313.66(B). The court also found that the board's policy regarding dangerous weapons was ambiguous and, when construed in appellee's favor, was not properly followed.

Appellants now appeal that reversal, arguing essentially that the trial court erred by (1) not considering that the board "substantially complied" with the time limits of R.C. 3313.66, (2) interpreting the board's weapons policy too narrowly, and (3) substituting its own interpretation of the weapons policy for that of the board's.

---

1. L. Richard Sulewski, Superintendent of Schools, is also a defendant-appellant in this case.

■ An appellate court, upon review of an order of an administrative agency, is limited to determining only if the trial court has abused its discretion. *Smith v. Sushka* (1995), 103 Ohio App.3d 465, 469, 659 N.E.2d 875, 877–878. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1142. Absent an abuse of discretion, a court of appeals must affirm the trial court's judgment. *Smith v. Sushka, supra,* citing *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 260–261, 533 N.E.2d 264, 267–268.

R.C. 3313.66(B)(5) provides:

"(5) No pupil shall be expelled under division (B)(1), (2), (3), or (4) of this section unless, prior to the pupil's expulsion, the superintendent does both of the following:

"(a) Gives the pupil and the pupil's parent, guardian, or custodian written notice of the intention to expel the pupil;

"(b) Provides the pupil and the pupil's parent, guardian, custodian, or representative an opportunity to appear in person before the superintendent or the superintendent's designee to challenge the reasons for the intended expulsion or otherwise to explain the pupil's actions.

"The notice required in this division shall include the reasons for the intended expulsion, notification of the opportunity of the pupil and the pupil's parent, guardian, custodian, or representative to appear before the superintendent or the superintendent's designee to challenge the reasons for the intended expulsion or otherwise to explain the pupil's action, and notification of the time and place to appear. *The time to appear shall not be earlier than three nor later than five school days after the notice is given, unless the superintendent grants an extension of time at the request of the pupil or the pupil's parent, guardian, custodian, or representative.*" (Emphasis added.)

■ A "public school's disciplinary proceedings implicate a student's property and liberty interests, which are protected under the Due Process Clause of the Fourteenth Amendment* * *." *Fenton v. Query* (1992), 78 Ohio App.3d 731, 742, 605 N.E.2d 1303, 1310, citing *Goss v. Lopez* (1975) 419 U.S. 565, 95 S.Ct. 729, 42 L.Ed.2d 725. Pursuant to the ruling in *Goss*, former R.C. 3313.66 was amended to incorporate the due process requirements of notice of the charges, an explanation of the evidence against the student, and an opportunity to be heard. *Id.*

■ One Ohio appellate court has applied a "substantial compliance" test in determining whether a student received due process protection during expulsion

proceedings. See *Stuble v. Cuyahoga Valley Joint Vocational School Dist. Bd. of Edn.* (Oct. 7, 1982), Cuyahoga App. No. 44412, 1982 WL 5953, unreported. However, we believe the better view is expressed in more recent Ohio Supreme Court opinions that state that when construing a statute and its legislative interest, a court has a duty to give effect to that statute's express wording and plain meaning. See *State v. Teamer* (1998), 82 Ohio St.3d 490, 491, 696 N.E.2d 1049, 1050–1051; *State ex rel. Richard v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund* (1994), 69 Ohio St.3d 409, 412, 632 N.E.2d 1292, 1295. R.C. 3313.66(B) provides for extensions of time only at the request of the student, his parents, or his representative; there is no provision for extensions by the board. Consequently, the plain language of the statute imposes a mandatory five-day time limit for conducting the hearing before the superintendent.

In this case, the hearing before the assistant superintendent was not held until two weeks after appellee was notified of the expulsion, well beyond the five-day time limit imposed by R.C. 3313.66(B)(5). The trial court specifically stated that "[w]hile the failure to hold the hearing within three to five days after notice of intent to expel may not in all cases result in a finding that the expulsion was not proper without any further irregularity, here that was not the case." In our view, this demonstrates that the trial court fully considered whether the board's delay was excused and arrived at the conclusion that it was not. Therefore, under the plain language and intent of R.C. 3313.66(B)(5) to protect a student's due process rights, we cannot say that the trial court abused its discretion in making such determination.

Accordingly, appellants' first assignment of error is not well taken. Our disposition of the first assignment of error renders the remaining two assignments of error moot.

The judgment of the Erie County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellants.

*Judgment affirmed.*

PIETRYKOWSKI, P.J., and MELVIN L. RESNICK, J., concur.