JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Jenna Buckosh ("Jenna"), and her parents, Randall Buckosh ("Randall"), and Jean Tomko (collectively "plaintiffs"), appeal the trial court's order affirming the decision of defendant-appellee, Westlake City Schools ("Westlake"), to suspend Jenna for fighting in school. Finding no merit to the appeal, we affirm.
 {¶ 2} Jenna's suspension resulted from an incident that occurred on September 28, 2007, at a homecoming assembly in the Westlake High School gymnasium. As the students exited the gymnasium, Jenna claimed that someone bumped her, knocking her water bottle out of her hand. In the process, some water splashed on another student, M.B. Immediately thereafter, the incident escalated as J.K., who was walking alongside M.B., exchanged words with Jenna and struck her.[1] A fight then ensued between Jenna and J.K. until another student intervened and separated the two girls.
 {¶ 3} Assistant Principal Paul Kish ("Kish") investigated the incident. He interviewed Jenna and J.K. and obtained written statements from them *Page 4 
regarding the incident. In addition, Kish interviewed other students who witnessed the incident and obtained their written statements.
 {¶ 4} Kish determined that both girls had been fighting, and he intended to suspend Jenna and J.K. for five days. Kish met with Jenna and her father, Randall, to advise them of the incident and allegations against Jenna. He presented a written notice of intended suspension dated September 28, 2007, and advised them of their right to appeal. He asked Jenna to sign the form, but she refused and Randall declared that she would not sign anything.
 {¶ 5} Because Jenna did not sign the notice, Kish advised them that he would confer with the principal, Tim Freeman. Later that evening, Kish called Randall and advised him that the school intended to suspend Jenna for five days and that they could come to school on September 28 or October 1 to sign the notice of intended suspension.
 {¶ 6} Jenna appealed her suspension to the Westlake Board of Education. Following a hearing, Westlake Superintendent Dr. Daniel Keenan ("Keenan") affirmed Jenna's five-day suspension, from September 28 through October 4, 2007.[2] Jenna served all five days of the suspension. *Page 5 
 {¶ 7} In November 2007, plaintiffs filed an administrative appeal pursuant to R.C. 2506 challenging the decision to suspend Jenna. The common pleas court affirmed Westlake's decision to suspend Jenna.[3]
 {¶ 8} Jenna now appeals, raising two assignments of error. In the first assignment of error, she argues that the common pleas court erred in affirming her suspension because Kish did not give her written notice of the charges and did not investigate whether she acted in self-defense. As a result, she claims that Westlake violated R.C. 3313.66, her constitutional due process rights, and Westlake's own suspension policy. In the second assignment of error, she argues that the common pleas court erred in failing to grant her motion to expand the record under R.C. 2506.03.
 Standard of Review {¶ 9} In deciding appeals under R.C. 2506.04, appellate courts have a far narrower scope of review than trial courts. Henley v. Youngstown Bd.of Zoning Appeals, 90 Ohio St.3d 142, 147, 2000-Ohio-493,735 N.E.2d 433. "The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." Id. The *Page 6 
common pleas court may, therefore, examine and weigh evidence from the underlying administrative case. Id.
 {¶ 10} In contrast, an appellate court should not weigh evidence but should determine whether there existed a preponderance of reliable, probative, and substantial evidence to support the administrative board's decision. Dawson v. Richmond Hts. Local School Dist. (May 16, 1996), Cuyahoga App. No. 69577. The appellate court may not substitute its judgment for the judgment of the administrative agency or trial court. Henley at 147. That an appellate court could have reached a different conclusion than the administrative agency is "immaterial." Id.
 {¶ 11} In sum, an appellate court may only disturb a trial court's ruling on an administrative appeal where the trial court has abused its discretion. Id. at 148; Kresser v. Sandusky Bd. of Edn. (2001),140 Ohio App.3d 634, 636, 748 N.E.2d 620, citing Smith v. Sushka (1995),103 Ohio App.3d 465, 469, 659 N.E.2d 875. A trial court abuses its discretion when its attitude is "unreasonable, arbitrary, or unconscionable."Smith v. Revere Local School Dist. Bd. of Edn. (May 9, 2001), Summit App. No. 20275, citing State v. Bresson (1990), 51 Ohio St.3d 123, 129,554 N.E.2d 1330.
 {¶ 12} Jenna argues that Westlake violated R.C. 3313.66, her procedural due process rights, Westlake's own suspension policy, and her substantive due *Page 7 
process rights. She claims that Kish did not give her any notice of the charge until after the informal suspension hearing in his office on the day of the incident, which was after he made the decision to suspend her. Additionally, she claims that Westlake denied her substantive due process because it did not consider whether she acted in self-defense.
 {¶ 13} R.C. 3313.66(A) provides that, before a school suspends a student, the superintendent or principal must:
 {¶ 14} "(1) give the pupil written notice of the intention to suspend the pupil and the reasons for the intended suspension and (2) provide the pupil an opportunity to appear at an informal hearing before the principal, assistant principal, superintendent, or superintendent's designee and challenge the reason for the intended suspension or otherwise to explain the pupil's actions." Revere Local School Dist. Bd.of Edn.
 {¶ 15} Furthermore, constitutional due process requires that where a school suspends a student for ten days or less, the school must provide the student with: "(1) adequate notice of the charge against the student, (2) an explanation of the evidence supporting the charge and (3) an opportunity for the student to respond." Williams v. CambridgeBd. of Edn. (C.A. 6, 2004), 370 F.3d 630, 639, citing Goss v. Lopez(1975), 419 U.S. 565, 583, 95 S.Ct. 729, 42 L.Ed.2d 725. *Page 8 
 {¶ 16} There need not be a delay between the time the school gives the student "notice" and the time of the hearing. Goss at 582. In most cases, the school administrator may "informally discuss the alleged misconduct with the student minutes after it has occurred ***. [I]n being given an opportunity to explain his version of the facts at this discussion, the student [must] first be told what he is accused of doing and what the basis of the accusation is." Id. Both the notice and the hearing should occur before the school removes the student from the school to serve the suspension. Id.; Rossman v. Conran (1988),61 Ohio App.3d 246, 250, 572 N.E.2d 728.
 {¶ 17} Even if a school violates a student's due process rights in one hearing, if a student has the opportunity to cure the violation at a second hearing, then the student cannot prevail on a due process claim.Rossman at 250.
 {¶ 18} Here, Westlake provided Jenna (1) written notice of its intent to suspend her, (2) the reasons supporting its decision, and (3) an informal hearing where Jenna had the opportunity to explain her actions before she served her suspension. Therefore, Westlake has met the requirements of R.C. 3313.66 and the United States Constitution.
 {¶ 19} Jenna complains that she never received written notice of the charges prior to the informal hearing before Kish. However, a review of the *Page 9 
record reveals that Jenna was provided written notice prior to her suspension. She received the written notice on the day of her informal hearing with Kish, when she refused to accept service of or sign the notice of intended suspension. The notice of intended suspension outlined the reasons for Westlake's disciplinary action against Jenna. Moreover, Westlake again presented her with this document during the suspension appeal hearing before Keenan. At this second hearing, she again had the opportunity to explain herself and also had the opportunity to cross-examine Kish. Accordingly, Westlake complied with the requirements of R.C. 3313.66 and the Due Process Clause of the United States Constitution.
 {¶ 20} In addition to a procedural due process violation, Jenna also alleges a substantive due process violation in that Westlake did not consider that she acted in self-defense in striking the other student.
 {¶ 21} Because our review is confined to questions of law, we must determine whether there existed a preponderance of reliable, probative and substantial evidence to support Westlake's decision. In the instant case, the evidence demonstrates that Kish obtained statements from the students involved in the fight and independent witnesses. Furthermore, Jenna had the opportunity to explain that she acted in self-defense both at the informal hearing with Kish and the suspension appeal hearing before Keenan. After they *Page 10 
examined all the facts, both Kish and Keenan concluded that Jenna had been fighting.
 {¶ 22} Jenna fails to cite any statute or case that requires a school in a suspension hearing to consider affirmative defenses that might be available under criminal law. Accordingly, appellant's claim that her conduct in "fighting" (an offense subject to suspension) is mitigated or undermined by proof of a claim of "self defense" is without basis in law.
 {¶ 23} Therefore, we find that Jenna's substantive due process rights were not violated. Accordingly, the first assignment of error is overruled.
 {¶ 24} In the second assignment of error, Jenna argues that the trial court erred in failing to conduct an evidentiary hearing to expand the record pursuant to R.C. 2506.03. She claims that she filed a timely motion to expand the evidence, including an affidavit stating in part that: (1) she was denied the opportunity to present evidence because Westlake would not disclose the names of student witnesses, and (2) the Westlake School Board lacked subpoena power.
 {¶ 25} Ordinarily in an action under R.C. 2506.01, the trial court is "confined to the transcript" filed by the administrative agency. See R.C. 2506.03(A). Dembie v. Cleveland, Cuyahoga App. No. 90432,2008-Ohio-3971, ¶ 8. *Page 11 
Only where R.C. 2506.03 allows for an exception to this rule may a trial court hear any additional evidence not contained in the transcript.[4]
 {¶ 26} Even if an exception under R.C. 2506.03 applies, the moving party is not entitled to a de novo hearing; instead, the purpose of the statute is to allow for the trial court to fill gaps in the transcripts.Moody v. Westerville City School Dist. Bd. of Edn., Franklin App. No. 07AP-551, 2008-Ohio-591, ¶ 14.
 {¶ 27} Ultimately, however, the court of appeals will not overturn a trial court's decision unless the moving party "`demonstrate[s] that there is a reasonable likelihood that the outcome would have been different had they been permitted to introduce additional evidence.'"Dawson v. Richmond Hts. Local *Page 12 School Bd. (1997), 121 Ohio App.3d 482, 488, 700 N.E.2d 359, quotingFranklin Twp. v. Marble Cliff (1982), 4 Ohio App.3d 213, 447 N.E.2d 765.
 {¶ 28} Here, Jenna had the opportunity to examine witnesses and present evidence in support of her case. Jenna explained herself to Kish the day of the incident. Moreover, at the suspension appeal hearing before Keenan, she had the opportunity to cross-examine Kish. She also had the opportunity to present witnesses to support her version but did not do so.
 {¶ 29} Jenna also claims that Westlake wrongly refused to disclose the names of the students who witnessed the incident. Jenna implies that she would have been able to support her self-defense claim if she knew the witnesses' names. But Jenna has failed to show that Westlake was obligated to disclose these names.
 {¶ 30} In Newsome v. Batavia Local School Dist. (C.A. 6, 1988),842 F.2d 920, 920, the Sixth Circuit Court of Appeals held that a school did not have to reveal to a suspended student the identities of student witnesses or to allow the suspended student to cross-examine them. TheNewsome court reasoned that the value of being able to cross-examine student witnesses had to be weighed against the burdens on the school administration. Id. at 924-25. Revealing the identities of student witnesses might place students in danger or cause other students to ostracize them. Id. at 925. *Page 13 
 {¶ 31} Therefore, Westlake had no obligation to disclose the students' names.
 {¶ 32} Next, we must determine the effect of Westlake's alleged lack of subpoena power. Jenna has not demonstrated that if Westlake had subpoena power, the result of the hearing would have been different. SeeDawson at 488-89. She does not set forth the names of witnesses she would have subpoenaed and indeed made no attempt to have subpoenas issued on her behalf.
 {¶ 33} Therefore, the second assignment of error is overruled.
Judgment is affirmed.
It is ordered that appellee recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. McMONAGLE, J., and ANN DYKE, J., CONCUR
[1] By way of background, Jenna had previously advised the high school that J.K. and M.B. had threatened her with physical violence. Jenna also reported that M.B. and J.K. damaged her vehicle by slashing her tires in the school parking lot. As a safety precaution, Jenna was permitted to park in the visitor section of the high school parking lot because it was monitored by video surveillance.
[2] Keenan presided over the appeal hearing.
[3] Plaintiffs also moved to expand the record pursuant to R.C. 2506.03.
[4] The exceptions under R.C. 2506.03(A) are:
 "(1) The transcript does not contain a report of all evidence admitted or proffered by the appellant.
 (2) The appellant was not permitted to appear and be heard in person, or by the appellant's attorney, in opposition to the final order, adjudication, or decision, and to do any of the following:
 (a) Present the appellant's position, arguments, and contentions;
 (b) Offer and examine witnesses and present evidence in support;
 (c) Cross-examine witnesses purporting to refute the appellant's position, arguments, and contentions;
 (d) Offer evidence to refute evidence and testimony offered in opposition to the appellant's position, arguments, and contentions;
 (e) Proffer any such evidence into the record, if the admission of it is denied by the officer or body appealed from.
 (3) The testimony adduced was not given under oath.
 (4) The appellant was unable to present evidence by reason of a lack of the power of subpoena by the officer or body appealed from, or the refusal, after request, of that officer or body to afford the appellant opportunity to use the power of subpoena when possessed by the officer or body.
 (5) The officer or body failed to file with the transcript conclusions of fact supporting the final order, adjudication, or decision." *Page 1